348 So.2d 1313 (1977)
Ernest SOILEAU, Plaintiff-Appellant,
v.
BITUMINOUS CASUALTY CORPORATION, Defendant-Appellee.
No. 6074.
Court of Appeal of Louisiana, Third Circuit.
August 9, 1977.
Guillory, McGee & Mayeux by John C. Fontenot, Eunice, for plaintiff-appellant.
Plauche, Smith, Hebert & Nieset by Andrew L. Plauche, Jr., Lake Charles, for defendant-appellee.
Before HOOD, DOMENGEAUX, and WATSON, JJ.
*1314 DOMENGEAUX, Judge.
This is a workmen's compensation suit brought by plaintiff, Ernest Soileau, against his employer's insurer, Bituminous Casualty Corporation. Plaintiff's employer was Davidson-Louisiana, Inc. Trial was held and the district judge ruled in favor of defendant finding that plaintiff failed to prove a workmen's compensation accident, and dismissed all of plaintiff's claims at his cost. Plaintiff has appealed.[1] We affirm the holding of the district judge.
On March 29, 1976, plaintiff and two coworkers were unloading a railroad box car of lumber onto the bed of a trailer truck owned by Davidson-Louisiana in Jennings, Louisiana. Plaintiff claims that while he was attempting to bind down the lumber on the right front side of the trailer, plaintiff slipped and fell onto the road, injuring his lower back. He reported his accident later that afternoon to his employer.
The trial court in his reasons for judgment stated the following:
". . . The Court also has listened to the testimony, particularly of this plaintiff, as supported by the numerous exhibits that have been filed here. The man has a long history of back ailments for which he has collected a number of settlements; Workman's Compensation, and otherwise. And there is hardly one iota of truth so far as this Court can determine [in the accident claim] . . ."
It is well settled that a plaintiff in a workmen's compensation case has the burden of proof and is required to establish his claim as in other civil cases.
The testimony of the plaintiff alone may be sufficient to prove the occurrence of an accident if it is plausible, consistent, and is supported by other circumstances appearing from the record. Where plaintiff's testimony is the sole evidence, it must be clear and convincing. Alfred v. Travelers Insurance Company, 322 So.2d 872 (La.App. 3rd Cir. 1975).
In the instant case it is apparent that the trial judge simply did not believe the plaintiff's testimony, which contained numerous inconsistencies. Plaintiff had no other witnesses to the accident since his co-workers were on the other side of the truck from him. Neither did he present any corroborating evidence to support his story. The rule of appellate review in Canter v. Koehring Company, 283 So.2d 716 (La.1973) dictates that we must give great weight to the district judge's fact conclusions, especially where credibility is concerned. A review of the record satisfies us that the trial judge's conclusions are well supported.
As was stated in White v. Freeport Chemical Company, 319 So.2d 563, 565 (La. App. 4th Cir. 1975):
"While the courts construe procedural rules liberally in favor of workmen's compensation claimants, they do not relax the burden of proof, placed equally on such claimants and on claimants in other civil matters, that they must prove their cases by a preponderance of the evidence. Consequently, the testimony as a whole must show more probably than not that an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiff's case must fall if the evidence shows only the possibility of an accident or leaves it to speculation or conjecture."[2]
*1315 For the above and foregoing reasons the decision of the district judge is affirmed, and costs are assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[1] Appellee, Bituminous, filed a motion to remand to enable it to traverse the order of the district judge allowing appellant to proceed with this appeal in forma pauperis, however this motion has now been withdrawn by appellee.
[2] The trial judge also mentioned plaintiff's numerous workmen's compensation claims. Professor Wex Malone commented in his Louisiana Workmen's Compensation Law and Practice:

"A good wage earner with a family is not likely to trump up a compensation claim. On the other hand, the `professional litigant' with several past compensation claims is likely to be treated accordingly."