376 So.2d 352 (1979)
A. J. GUIDRY, Plaintiff-Appellee,
v.
FORD, BACON & DAVIS CONSTRUCTION CORP. et al., Defendant-Appellant.
No. 7136.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1979.
*354 Lewis & Lewis, John M. Shaw, Opelousas, for defendant-appellant.
Felix A. DeJean, III and David L. Carriere, Opelousas, for plaintiff-appellee.
Before CUTRER, WATSON and DOUCET, JJ.
DOUCET, Judge.
This is a suit for workmen's compensation benefits brought by A. J. Guidry against his former employer, Ford, Bacon & Davis Construction Corporation, and the latter's workmen's compensation insurer, Aetna Casualty & Surety Company. Defendants have appealed from a judgment against them and in favor of plaintiff, awarding him workmen's compensation benefits and penalties and attorney's fees. Plaintiff has answered, asking for an increase in the attorney's fees.
Plaintiff was injured on two separate occasions while working within the course and scope of his employment by Ford, Bacon & Davis Construction Corporation as a utility welder. The first injury occurred on August 1, 1976, when he struck his left elbow on a tractor boom while swinging a sledge hammer. He suffered the second injury on October 8, 1976, when he was hit in the abdomen by a pry bar that had slipped, causing an inguinal hernia to develop. Plaintiff continued to work thereafter until December 4, 1976, when the job he was working on had been completed. He testified that although he continued to work out of economic necessity after he was injured, he did so in great pain.
On December 17, 1976, surgery was performed by Dr. Daniel Buller of Opelousas, Louisiana, to repair the inguinal hernia. He was examined again by Dr. Buller on January 27, 1977, and the surgical site was found to be completely healed. However, despite the fact that the hernia had been effectively repaired or removed, plaintiff continued to complain of a great deal of pain. He consulted an attorney, and the instant suit was filed on February 4, 1977. Shortly thereafter, workmen's compensation payments were brought up to date by Aetna. They continued to be made thereafter until they were terminated on June 7, 1977. On June 24, 1977, plaintiff's attorney sent a letter to Aetna, demanding that the payments be resumed.
Apparently in response to that demand, Aetna secured a surgical report from Dr. Buller on plaintiff's condition. In that report, dated July 1, 1977, Dr. Buller stated that the hernia had been effectively repaired, and that plaintiff had been found to be able to return to work on January 27, 1977. However, Dr. Buller also stated that plaintiff continued to complain of pain.
On November 3, 1977, Dr. Ladislas Lazaro, III, an orthopedic surgeon, surgically removed a bursa from plaintiff's left elbow, which was necessitated by the first injury. He was discharged by Dr. Lazaro on January 13, 1978.
Although he continued to complain of pain in his abdomen in the area of the scar produced by the hernia repair, plaintiff resumed working as a welder for a different employer in April or May of 1978. He worked two to three days per week for seven or eight weeks. He testified that he had returned to work out of economic necessity, but that he was forced to quit, because the pain became unbearable.
Dr. Buller submitted another surgical report to Aetna on June 29, 1978 in which he *355 stated that plaintiff had continued to complain of pain in his right groin, despite all efforts of treatment. He also stated that surgery would be performed in an effort to alleviate the pain. That surgery was performed by Dr. Buller on July 11, 1978. Nerve tissue which had grown into the surgical scar was removed, affording plaintiff some relief from his pain.
On September 25, 1978 plaintiff began working for Austin Builders, operating a small tractor. At the time of the trial, he was still employed in that capacity. He testified that although that job was less physically taxing than welding, it nevertheless caused him a great deal of discomfort.
The trial court found that under the above facts plaintiff was temporarily totally disabled within the meaning of LSA-R.S. 23:1221(1) from October 8, 1976 (the date of the second injury) and was partially disabled within the meaning of LSA-R.S. 23:1221(3) after August 30, 1978 (when his recuperation from the second surgery on the hernia site had been completed). He was found to be entitled to compensation for disability under the above provisions for a total of 425 weeks, counting both time spans and commencing from October 8, 1976, subject to credits for (1) compensation by payroll wages and actual compensation paid through June 7, 1977, and (2) actually earned wage credits while working for Austin Builders from September 25, 1978 to the date of the trial. Defendants' right to show credit for actually earned wages after the date of the trial was reserved in the judgment. Plaintiff was awarded penalties at the rate of twelve (12%) percent for all workmen's compensation payments which were sixty days overdue at payment time from June 7, 1977 until September 25, 1978, and attorney's fees, which were fixed at $1,000.
The issues which have been raised on appeal are: (1) whether the trial court erred in finding that plaintiff was and is disabled within the meaning of LSA-R.S. 23:1221(1) & (3), and (2) whether plaintiff is entitled to penalties and attorney's fees.

FINDING OF DISABILITY
There is no apparent dispute as to the fact that plaintiff was totally disabled while he convalesced after each of the three surgical procedures performed on him. However, defendants contend that he was not disabled during the interim periods. The district court's finding that plaintiff was totally disabled until he had recuperated from the July 1978 surgery and its finding that he is presently partially disabled are apparently based on plaintiff's complaints of pain. Defendants contend that plaintiff has not shown that his pain is or was sufficient to render him disabled.
It is well settled that a claimant who is physically capable of returning to work may nonetheless be totally disabled if he would be subjected to substantial pain by doing so. Rachal v. Highlands Insurance Company, 355 So.2d 1355 (La.App. 3rd Cir. 1978), writ denied 358 So.2d 645 (La.1978); Phillips v. Dresser Engineering Co., 351 So.2d 304 (La.App. 3rd Cir. 1977). If a claimant is prevented from returning to his former employment due to such pain but is not prevented from engaging in gainful activity at some other job, he is only partially disabled. Rachal v. Highlands Insurance Company, supra. However, in no case will he be considered disabled because of the presence of residual pain and discomfort, unless it is substantial and appreciable. Breaux v. Kaplan Rice Mill, Inc., 280 So.2d 923 (La.App. 3rd Cir. 1973); Bailey v. Schott and Company, Inc., 334 So.2d 753 (La.App. 4th Cir. 1976), writ denied 338 So.2d 300 (La.1976).
The claimant has the burden of proving to a legal certainty and by a reasonable preponderance of the evidence that he is disabled. Soileau v. Bituminous Casualty Corporation, 348 So.2d 1313 (La.App. 3rd Cir. 1977); Hamilton v. Georgia Pacific Corporation, 344 So.2d 400 (La.App. 1st Cir. 1977). The issue of whether or not he has carried this burden must be determined by examining the totality of the evidence, including both lay and medical testimony. Crawford v. Al Smith Plumbing & Heating Service, Inc., 352 So.2d 669 (La.1977).
*356 Defendants cite this court's decision in Moreau v. Employers Liability Assurance Corporation, 180 So.2d 835 (La.App. 3rd Cir. 1965) in support of their argument that plaintiff's pain is not substantial enough to render him disabled. Although that case is similar in that it dealt with residual pain and discomfort from an inguinal hernia, it is not dispositive of the issue before us. Whether a claimant's pain is substantial enough to be disabling is a question of fact that must be determined according to the circumstances of each individual case. Moreover, when the trial court has weighed the evidence and made a factual finding in response to such a question, it will not be disturbed on appeal in the absence of manifest error. Cadiere v. West Gibson Products Company, Inc., 364 So.2d 998 (La.1978).
After carefully reviewing all of the evidence in the record, we cannot say that the trial court was manifestly erroneous in determining that plaintiff was totally disabled, and is presently partially disabled as a result of residual pain from his injury. We believe that the fact that plaintiff consented to a surgical procedure for the sole purpose of alleviating his pain and that his physician deemed it medically advisable to perform such a procedure is significant. Furthermore, there was sufficient evidence from which the trial court could reasonably conclude that although the surgery was partially successful in relieving plaintiff's pain, it remains too great for him to return to his former occupation. Therefore, we will affirm the trial court's finding of disability.

PENALTIES AND ATTORNEY'S FEES
The district court awarded plaintiff penalties and attorney's fees under LSA-R.S. 22:658 because of defendants' failure to pay weekly compensation benefits after June 7, 1977. There was no claim of failure to pay medical expenses as the record shows that all medical bills were paid within sixty days of their receipt by Aetna. Aetna contends that its decision not to pay weekly benefits was not "arbitrary, capricious or without probable cause" within the meaning of LSA-R.S. 22:658, because it was based on Dr. Buller's surgical report of July 1, 1977. We disagree.
It is true that when an insurer bases its decision to terminate compensation on competent medical evidence, the action is not arbitrary and capricious. Crawford v. Al Smith Plumbing & Heating Service, Inc., supra; Levine v. Liberty Mutual Insurance Company, 305 So.2d 665 (La.App. 3rd Cir. 1974). Nevertheless, we agree with the trial court that although Aetna may have been justified in terminating compensation on the basis of Dr. Buller's report of July 1, 1977, the later report of June 29, 1978 put it on notice that plaintiff was in fact not fully recovered and was entitled to compensation. Aetna's failure to bring compensation payments up to date within sixty days of receiving that report was arbitrary and capricious.
We note that defendants argue with respect to the delay between the first surgery by which the hernia was repaired and the later surgery undertaken to relieve the residual pain, that a claimant is not allowed to collect compensation simply because he elects to put off having corrective surgery performed. However, Dr. Buller's testimony at the trial makes it clear that the delay was not the result of plaintiff's refusal to consent to the corrective surgery. Dr. Buller did not consider surgery medically advisable and, therefore, did not recommend it until all other methods of treatment had been exhausted, which was shortly before the surgery was performed.
As regards the district court's award of $1,000 for attorney's fees, we believe that that is a reasonable amount. Plaintiff has answered this appeal asking that there be an increase to $5,000. We believe that an increase is warranted, however, we believe that $2,500 will be sufficient to compensate plaintiff's attorney for services provided in connection with the trial and appeal of this case. The judgment will be modified accordingly.
*357 For the above and foregoing reasons, the judgment appealed from is amended to increase the amount of the attorney's fees from $1,000 to $2,500 and is affirmed as amended. All costs of this appeal are assessed against the defendants-appellants.
AMENDED AND AFFIRMED.