377 So.2d 561 (1979)
Rodney HALL, Plaintiff-Appellant,
v.
HOUSTON GENERAL INSURANCE COMPANY et al., Defendants-Appellees.
No. 7221.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1979.
Writ Refused January 11, 1980.
*562 Felix A. DeJean, III and David L. Carriere, Opelousas, for plaintiff-appellant.
Allen, Gooch & Bourgeois, Keith M. Borne, Lafayette, for defendants-appellees.
Before DOMENGEAUX, FORET and SWIFT, JJ.
DOMENGEAUX, Judge.
This is a workmen's compensation suit in which plaintiff, Rodney Hall, appeals from the judgment of the District Court which denied his claim for additional benefits, medical expenses, and penalties and attorney's fees. We affirm.
Plaintiff alleges that he is totally and permanently disabled as a result of an accident he suffered on February 25, 1978, while employed as a farm tractor operator by defendant, Earl H. Duplechain. The accident occurred when plaintiff slipped while climbing down the tractor steps. The area of plaintiff's right knee was lacerated and a large hematoma formed on the inside of his right knee. This injury required medical treatment and rendered plaintiff unable to work. For this injury Mr. Duplechain's workmen's compensation insurer, Houston General Insurance Company, paid compensation to plaintiff at the rate of $66.67 per week from March 4, 1978, to May 6, 1978, for a total of $666.70. Houston General also paid $856.61 for medical expenses incurred by plaintiff for treatment of the hematoma. Payment of workmen's compensation was discontinued on May 6, 1978, when Houston General received a letter from Dr. Wayne LaHaye dated May 4, 1978, stating that Mr. Hall had recovered from his work-related accident. Doctor LaHaye had been plaintiff's personal physician for many years prior to the accident and treated plaintiff for a week following the accident.
On July 18, 1978, counsel for plaintiff sent a letter to Houston General demanding that payments be resumed. Enclosed in the *563 letter was a medical report from Dr. John Tassin, plaintiff's new treating physician. The report stated that plaintiff "... does have venous insufficiency and severe varicose veins of both legs. He also has cellulitis of right calf which has aggravated his condition." In Doctor Tassin's opinion, plaintiff at that time, was disabled and unable to work.[1]
Houston General had Dr. Donald Williams, a practicing surgeon, examine plaintiff on August 7, 1978. As a result of this examination Doctor Williams concluded that "there was no objective permanent disability associated with his accident." Consequently, Houston General refused to resume payments. Suit soon followed and the judgment adverse to plaintiff was signed on March 15, 1979.
The major issue presented to this Court is whether the trial judge erred in finding that plaintiff's present disability is not causally related to the employment accident he suffered on February 25, 1978.
In workmen's compensation claims, the plaintiff-employee bears the burden of proving, by a preponderance of the evidence, causation between the work-related accident and the disability. Soileau v. Bituminous Casualty Corporation, 348 So.2d 1313 (La.App. 3rd Cir. 1977); Dempster v. Gurtler, Hebert & Company, 350 So.2d 929 (La.App. 4th Cir. 1977). The evidence at the trial of this case consisted mainly of the testimony of three physicians and of the plaintiff. Also of importance is the medical history of plaintiff before the accident, as gleaned from the testimony of plaintiff and Doctor LaHaye.
Since 1965 plaintiff has suffered from a severe varicose vein condition. He has had at least three varicose vein operations on his left leg and one on his right leg, all before the accident. The purpose of these operations was to relieve the pain and minimize the disabling effect of this condition. Plaintiff has received social security benefits since 1965 because he was considered totally disabled due to the severity of the varicose veins in his left leg. Despite being disabled, plaintiff had, through the years prior to his accident, been hired by several area farmers to drive tractors and other kinds of farm machinery. The work was intermittent, however, partly because plaintiff would work only when his left leg was not bothering him. Plaintiff testified that his right leg, since its one operation several years ago, had been his "good" leg until his accident on February 25, 1978. Since the accident, he claims, he has had almost constant pain in his right leg and is now unable to work at all. Plaintiff contends that the accident is the cause of his pain and disability, and his witness, Dr. John Tassin, who first saw plaintiff about two weeks after the accident, supports that conclusion.
We are well aware of the legal principle relied upon by plaintiff, stated in Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1968), and reiterated in Johnson v. Travelers Insurance Company, 284 So.2d 888 (La.1973):
"... where there is proof of an accident and of a following disability without any intervening cause, it is presumed that the accident caused the disability."
However, Doctor LaHaye and Doctor Williams, both of whom disagree with Doctor Tassin, advanced sound reasons why the presumption that the accident caused the disability was overcome. Doctor LaHaye testified that, in his opinion, the pain in plaintiff's right leg is caused from early degenerative changes in the right knee. For many years plaintiff favored his right leg because of the pain he experienced in his left leg. As a result of favoring one leg the degenerative condition develops in the better leg. Doctor LaHaye also testified that the hematoma was completely healed and that he could not relate plaintiff's disability at trial to the accident. Doctor Williams, a practicing surgeon for 37 years at *564 the time of trial, testified by way of deposition that, in his opinion, the varicosities, the discoloration, and the pigmentation observable in plaintiff's right leg were of long-standing stasis. According to Doctor Williams, this condition has been developing over a period of years rather than a period of months. Additionally, plaintiff's pain did not originate from the area of the leg injured in the accident.
Based on this evidence the trial judge ruled against plaintiff. Did the trial court err? The rule of appellate review announced in Canter v. Koehring Company, 283 So.2d 716 (La.1973), dictates that we must give great weight to the trial court's factual conclusions and should not disturb his findings in the absence of manifest error. This test applies to workmen's compensation cases. Butts v. Insurance Company of North America, 352 So.2d 745 (La. App. 3rd Cir. 1977).
We find that the evidence offers a reasonable factual basis upon which the trial court could conclude that the disability was not work-related. Since there is no manifest error the judgment must be affirmed.
We also affirm the trial court's denial of penalties and attorney's fees. However, even if we held for the plaintiff with respect to weekly benefits and medical expenses, we would not award penalties and attorney's fees. Houston General had a reasonable basis for discontinuing the payment of workmen's compensation benefits when it received a letter from Doctor LaHaye, who had been plaintiff's treating physician, stating that plaintiff was no longer disabled as a result of the accident. LaCalle v. Ashy Enterprises, 353 So.2d 439 (La.App. 3rd Cir. 1977); Fontenot v. Town of Kinder, 377 So.2d 554 (La.App. 3rd Cir. 1979).
In addition, when another treating physician, Doctor Tassin, informed Houston General that plaintiff was still disabled because of an aggravated varicose vein condition, it promptly had plaintiff examined by an experienced general surgeon to confirm Doctor Tassin's report and to see if the claimed disability was work-related. Under these circumstances, Houston General acted reasonably and had good cause not to resume payments.[2]
For the above and foregoing reasons, the judgment of the District Court is affirmed. All costs are assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[1] Doctor Tassin's report did not indicate that the disability plaintiff complained of in July of 1978 was work-related.
[2] If Houston General had not so promptly responded to Doctor Tassin's report by having Doctor Williams examine plaintiff, its failure to reinstate payments may not have been necessarily justified. Hebert v. Loffland Brothers, 363 So.2d 969 (La.App. 3rd Cir. 1978); Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (La.1976).