396 So.2d 1004 (1981)
Julia WEST, Plaintiff-Appellee,
v.
BELDEN CORPORATION, Defendant-Appellant.
No. 8017.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1981.
Rehearing Denied April 27, 1981.
Gaharan & Wilson, Donald R. Wilson, Jena, for defendant-appellant.
Hal J. Scott, Daniel W. Richey, Ferriday, and H. James Lossin Sr., Jonesville, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
*1005 DOUCET, Judge.
This is a workmen's compensation suit. The defendant-employer, Belden Corporation, has appealed a judgment of the district court awarding the plaintiff-employee, Julia West, benefits for temporary total disability, plus penalties and attorney's fees. Defendant assigns as errors the trial judge's findings that (1) plaintiff is temporarily totally disabled; and (2) defendant was arbitrary and capricious in terminating plaintiff's compensation benefits.
The parties stipulated to the following facts. On November 18, 1977, plaintiff sustained an injury to her lower back while stacking cartons on a pallet in the course and scope of her employment. Defendant paid plaintiff workmen's compensation benefits from November 18, 1977 until April 30, 1978. The benefits were terminated on the basis of a medical report submitted by Dr. David A. Ball dated April 24, 1978, in which he concluded that plaintiff was not disabled and could return to work. Dr. Ball examined plaintiff again on July 11, 1978, and in a letter to defendant dated July 12, 1978, confirmed his conclusion that plaintiff was able to return to work.
Plaintiff was treated by several physicians, who agreed that she suffered a lower back injury. The only conflict in the medical testimony concerns the duration of plaintiff's injury.
On November 23, 1977, plaintiff went to Dr. Dick Thomae, her regular physician, complaining of low back pain. He prescribed various medications, heat and bed rest. Plaintiff returned to Dr. Thomae three days later complaining of increased pain and he hospitalized her for three days. X-Rays that were taken appeared to be normal, but there were muscle spasms in plaintiff's lower back. Her condition improved, and she was released. On December 1, 1977, she returned to Dr. Thomae complaining of increased pain, and he determined that her symptoms had recurred. On December 19, 1977, he referred plaintiff to Dr. Ball, an orthopedic surgeon in Natchez, Mississippi.
Dr. Ball examined plaintiff on December 21, 1977 and placed her in the hospital. While hospitalized, plaintiff was placed in traction and underwent treatment by a physical therapist. Her condition improved, and she was released. Dr. Ball again placed plaintiff in the hospital on January 18, 1978, when her symptoms recurred. A myelogram and x-rays, which were taken, appeared to be normal. Dr. Ball diagnosed her injury as a lumbosacral strain. She returned to Dr. Ball on several occasions complaining of pain in her lower back and left leg, and he continued to treat her with various medications. On April 4, 1978, Dr. Ball examined plaintiff, and finding no objective evidence of any injury causing her complaints of pain, he concluded that she could return to work. He affirmed this conclusion after examining plaintiff again on July 11, 1978.
On July 17, 1978, plaintiff was examined by Dr. W. C. Coney, since Dr. Thomae no longer practiced at the hospital that she went to for medical treatment. Dr. Coney diagnosed plaintiff's condition as a chronic lumbar strain and had her hospitalized. At the time, plaintiff suffered from muscle spasms, walked with a slight limp, and had difficulty rising from a chair. Her condition improved and she was released. On August 22, 1978, plaintiff returned to Dr. Coney complaining of increased pain in her lower back. Dr. Coney concluded that plaintiff's injury would result in her experiencing periodic pain until her condition improved with the passage of time. Since August 22, 1978, Dr. Coney has seen plaintiff eight times concerning her complaints of pain. The last examination was made on March 19, 1979. At that time, Dr. Coney did not believe that plaintiff was capable of returning to work.
On May 24, 1978, plaintiff was sent to Dr. Francis C. McMains, an orthopedic surgeon, for evaluation. Dr. McMains diagnosed her injury as a chronic lumbosacral strain and considered her unable to return to work at that time.
At the trial, plaintiff testified to experiencing recurring pains in her lower back *1006 and left leg, which prevented her from undertaking most physical activities. She testified that the treatments provided temporary relief, but that the pain returned when she exerted herself. There is no evidence that plaintiff ever suffered a previous back injury.
In finding that plaintiff is temporarily totally disabled, the trial judge relied upon the presumption stated in Lucas v. Insurance Company of North America, 342 So.2d 591 (La.1977):
"A claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition."
This presumption applied to the issue of the causal connection between the accident and the disability. It does not alter the plaintiff's burden of proof. Malone and Johnson, Louisiana Civil Law Treatise, Worker's Compensation, (2d ed. 1980), § 252, p. 549. Relying upon the testimony of Dr. Ball, defendant contends that plaintiff recovered from any injuries suffered in the accident as of April 25, 1978, making the presumption set out in Lucas inapplicable.
It is apparent, however, that the trial judge, in weighing the evidence, found the testimony of plaintiff and the other physicians to the effect that she was still suffering from injuries received in the accident to be more persuasive. When there is a conflict in the testimony, a trial court's reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed upon review. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
We do not find the trial judge's conclusion that plaintiff is still suffering from injuries received in the accident to be clearly wrong. Thus, the trial judge's application of the presumption set out in Lucas was not erroneous.
The next issue to be considered is the trial judge's award of penalties and attorney's fees. In his written reasons for judgment, the trial judge stated:
"The termination of benefits may have been warranted. Thereafter, the persistent refusal to reinstate benefits and to pay the ongoing medical expenses was not. It is not clear when the defendant gained the information that should have prompted reinstatement of benefits. They did get notice that plaintiff's counsel considered the termination premature in a letter dated August 22, 1978. That letter alone was not enough to require reinstatement. I believe, however, that by May 30, 1979, after the depositions of Dr. Thomae and Dr. Coney had been taken, that benefits should have been resumed at the rate of $82.40 per week. Penalty interest will therefore be required on all past due weekly benefits that were payable after May 30, 1979. Defendant must pay all past due weekly benefits whether subject to penalty or not."
Defendant argues that it was entitled to rely upon the information provided by Dr. Ball in terminating plaintiff's medical and compensation benefits. Neither this court nor the trial court disagrees with this contention. However, when an employer receives information showing disability at a later date, it may not blindly rely upon an initial optimistic report and avoid penalties for arbitrary nonpayment of benefits due a disabled workman. Walker v. Gaines P. Wilson & Son, Inc. Co., 340 So.2d 985 (La.1976); Carter v. American Mutual Liability Insurance Co., 386 So.2d 1072 (La. App. 3rd Cir. 1980). Thus, the issue is whether defendant received sufficient information concerning plaintiff's disability to make its refusal to reinstate her benefits arbitrary.
We note at the outset that the trial judge relied partially upon the testimony of Dr. Thomae in finding that defendant arbitrarily *1007 refused to reinstate plaintiff's benefits. Dr. Thomae's testimony reveals that he did not treat plaintiff for her back injury after referring her to Dr. Ball, however. Thus, his testimony is not relevant to this issue.
The record does contain a letter written by plaintiff's attorney on August 22, 1978, asking defendant to reinstate plaintiff's benefits, which contained a copy of Dr. McMains' medical report. In the report, Dr. McMains stated that plaintiff suffered a lumbosacral sprain, and that in his opinion she was disabled and could not return to work. Dr. Coney's testimony also shows that defendant was made aware that he hospitalized plaintiff to treat her injury, that after her release she continued in his care and that in his opinion she was disabled at that time.
Defendant argues that this case is similar to Hall v. Houston General Insurance Company, 377 So.2d 561 (La.App. 3rd Cir. 1979), a case in which this court affirmed the trial court's denial of penalties and attorney's fees upon finding that the defendant had good cause not to resume payment of compensation benefits. In Hall, however, the defendant upon receiving a medical report indicating that the plaintiff was still disabled after termination of benefits, had the plaintiff re-examined to see if the disability was work-related.
In the present case, defendant received information from two physicians indicating that plaintiff was still disabled and unable to return to work after the termination of benefits. Despite this information, defendant persistently refused to reinstate plaintiff's benefits, choosing to rely upon Dr. Ball's earlier medical report. Under those circumstances, we find no error in the trial court's award of penalties and attorney's fees.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to the defendant-appellant.
AFFIRMED.