402 So.2d 138 (1981)
Myrtle L. MEEKS
v.
STATE FARM FIRE & CASUALTY COMPANY, et al.
No. 13996.
Court of Appeal of Louisiana, First Circuit.
June 29, 1981.
H. Sanders O'Neal, Houma, for plaintiff and appellant.
Jerry H. Schwab, Houma, for defendants and appellees.
Before ELLIS, COLE and WATKINS, JJ.
WATKINS, Judge.
Plaintiff, Myrtle L. Meeks, filed this action seeking an award of workmen's compensation benefits. Made defendants in the lawsuit are her former employers, Norman and Beulah Claverie, d/b/a Chez Lilli; Chez Lilli, Inc., the name given the firm after its subsequent incorporation; and State Farm Fire & Casualty Company, Inc., Chez Lilli's workmen's compensation insurer. After trial on the merits, the district court rendered judgment rejecting plaintiff's claim and issued written reasons therefor. From this judgment of the district court, plaintiff has perfected the present appeal.
On appeal, plaintiff sets forth two specifications of error. The first specification contends that the district court committed manifest error in its consideration of the medical evidence presented at trial. In her second specification, plaintiff asserts that the district court manifestly erred in failing to consider the rebuttal evidence offered at trial. Plaintiff contends that these two errors on the part of the district court caused it to reach the wrong result.
It appears from plaintiff's specifications of error that she desires this court to *139 consider only certain segments of the evidence introduced at trial and, from that consideration, conclude that the district court erred in its judgment. However, the manifest error standard of review applies to workmen's compensation cases. Hall v. Houston General Ins. Co., 377 So.2d 561 (La.App. 3d Cir. 1979), writ denied 379 So.2d 10 (La.1980); Butts v. Insurance Company of North America, 352 So.2d 745 (La.App. 3d Cir. 1977), writ denied 354 So.2d 206 (La.1978). The mandate of the Louisiana Supreme Court in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), is that Louisiana appellate courts must review the entire record in order to determine whether or not the lower court's judgment is clearly wrong. We cannot limit our review of the facts only to those segments that the plaintiff would have us consider. Hence, the actual issue posed by this appeal is whether or not the district court committed manifest error in finding that the plaintiff had not sustained injury as the result of a work-related accident. A review of the entire record is necessary for a disposition of this issue.
The incident which gave rise to this suit allegedly occurred on Saturday, March 11, 1978. On that date, plaintiff was employed as a seamstress by Chez Lilli, a retail clothing outlet located in Houma, Louisiana. Plaintiff testified that, in the late afternoonapproximately 5:15 p. m.of the day in question, a fellow employee, Lucille Pontiff, had just returned to the Main Street store from picking up merchandise in a van at another Chez Lilli store. When Ms. Pontiff reached the store, Ms. Meeks went out to help her park the van. When the van was parked, plaintiff and Ms. Pontiff unloaded the first of two boxes from the back of the van and walked toward the front door of the store carrying the box. Plaintiff further testified that, in order to enter the front door, it was necessary for her to step over a one foot high barrier for cars. According to plaintiff, she tripped while in the process of carrying the box and attempting to step over the barrier. She immediately noticed a stabbing pain in her lower back. Plaintiff testified that she told Ms. Pontiff to drop the box because plaintiff couldn't hold it. At this point, plaintiff testified she complained to Ms. Pontiff of her injury. After about five minutes, she and Ms. Pontiff pushed the box into the store where, according to plaintiff's testimony, she told everyone remaining in the store of her injury. She drove herself home shortly thereafter.
Plaintiff stated she telephoned Ms. Claverie, her employer, on the following day (a Sunday) and notified her that she had injured her back. However, she also testified that she, nevertheless, returned to work on that Monday.
Ms. Pontiff, on the other hand, testified that she did not see plaintiff trip and injure her back. Ms. Pontiff also denied that plaintiff had told her of the alleged injury. Ms. Pontiff, as well as several other witnesses, testified that deliveries to Chez Lilli were never made in the afternoon and that, specifically, on March 11, 1978, the only delivery that she and plaintiff made took place in the morning.
The other employees who testified either denied that plaintiff had mentioned her injury to them or stated that they could not recall her doing so. Additionally, Ms. Claverie denied that plaintiff had telephoned her the day after the accident allegedly occurred to notify her of the injury, as plaintiff had claimed.
The medical testimony established that plaintiff had been suffering from a degenerative disc condition in the upper part of her back for several years prior to the alleged accident. The first physician consulted by plaintiff was Dr. Richard Landry of Houma, an orthopedic surgeon. He examined plaintiff three days after the accident had allegedly occurred. Dr. Landry testified that, while the accident described to him by plaintiff could have possibly aggravated her condition, he was unable to state that such was a probability. He further testified that plaintiff only complained of pain in the upper region of her back and did not mention any lower back pain.
*140 Dr. Landry referred plaintiff to Dr. John Jackson, a neurosurgeon, for treatment. Dr. Jackson's testimony indicated that he treated plaintiff only for her upper back condition. He did state that the x-rays which he took indicated that plaintiff had a bulging disc in her lower back also. However, plaintiff apparently never complained of pain in her lower back to Dr. Jackson. It was his opinion that it was equally possible that the pain in plaintiff's back was the result of the natural cause of her degenerative condition as that it was due to recent trauma.
The other physician to testify was Dr. Herman Walker, a general practitioner, who has last treated plaintiff approximately four years prior to the alleged accident. Dr. Walker, deposed for trial purposes by defendants, confirmed the fact that plaintiff's disc condition had existed for some time.
As rebuttal to the defendants' case, plaintiff and Kay Granger, an acquaintance of plaintiff, testified that they had recently observed some deliveries to Chez Lilli taking place in the afternoon. In support of this testimony, plaintiff offered some photographs taken of these alleged deliveries. The probative value of this testimony is very limited at best. The incidents occurred more than two years after the accident allegedly happened. Moreover, plaintiff and Ms. Granger were not in a position to know exactly what was being brought into the store.
The district court's written reasons indicate that its judgment was based upon a finding that the plaintiff had not proven, by a preponderance of the evidence, the occurrence of a work-related accident, a pre-requisite for recovery in a workmen's compensation case. LSA-R.S. 23:1031; Wright v. Red Ball Motor Freight, Inc., 315 So.2d 344 (La.App. 1st Cir. 1975).
LSA-R.S. 23:1021 defines "accident" for purposes of Louisiana's workmen's compensation law as:
"[A]n unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury."
The evidence in this case was conflicting on the issue of whether or not a work-related accident had occurred. The district judge resolved this conflict in favor of defendants. Our review of the entire record convinces us that the district court was not clearly wrong in finding that plaintiff failed to prove, by a preponderance of the evidence, the occurrence of a work-related accident. Accordingly, we find no manifest error in the district court's judgment. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, supra; Hall v. Houston General Ins. Co., supra.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are to be borne by plaintiff-appellant, Myrtle L. Meeks.
AFFIRMED.