407 So.2d 13 (1981)
Johnny HAMMOND, Plaintiff-Appellant,
v.
FIDELITY & CASUALTY COMPANY OF NEW YORK, Defendant-Appellee.
No. 8406.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1981.
Rehearing Denied January 4, 1982.
*14 McHale & Bufkin, Louis D. Bufkin, Lake Charles, for plaintiff-appellant.
Stockwell, Sievert, Viccellio, Clements & Shaddock, John S. Bradford, Lake Charles, for defendant-appellee.
Before GUIDRY, FORET and DOUCET, JJ.
FORET, Judge.
This is a workmen's compensation suit in which plaintiff, Johnny Hammond, appeals from a decision of the district court which denied his claim for benefits for total and permanent disability. We affirm.
Plaintiff alleges that he is totally and permanently disabled as a result of an accident he suffered on June 8, 1979, while engaged in the course and scope of his employment with Morgan Crop Service. The accident occurred as plaintiff was driving a truck on an air strip preparing to load a chemical onto an airplane, when a front wheel of the truck went into a pothole. The steering wheel began to spin, and plaintiff's arm slipped between the spokes of the wheel, bruising his left arm between his elbow and shoulder. Plaintiff was treated with cold compresses at Memorial Hospital in Lake Charles and released that day. The next day plaintiff returned to work and continued to work for over two months thereafter. Although the swelling of the arm initially subsided after the accident, it began to swell again, and in August of 1979, plaintiff consulted Dr. Gunderson, an orthopedic surgeon. Dr. Gunderson referred plaintiff to Dr. Gore, a cancer specialist, who determined that plaintiff had a malignant cancerous growth in his upper left arm. Plaintiff was next seen by Dr. Melvin M. Romsdahl, a cancer surgeon in Houston, Texas. Dr. Romsdahl removed the malignant tumor and the surrounding muscle. The plaintiff is presently undergoing chemotherapy and is unable to work.
The issue on appeal is whether or not the trial judge erred in finding that plaintiff's present disability is not causally related to the employment accident he suffered on June 8, 1979.
In workmen's compensation claims, the plaintiff-employee bears the burden of proving, by a preponderance of the evidence, causation between the work-related accident and the disability. Hall v. Houston General Ins. Co., 377 So.2d 561 (La.App. 3 Cir. 1979), writ. denied, 379 So.2d 10 (La. 1980); Soileau v. Bituminous Casualty Corporation, 348 So.2d 1313 (La.App. 3 Cir. 1977).
Three doctors examined and/or treated the plaintiff. The testimony of these physicians is unanimous that there is no causal relationship between the trauma plaintiff experienced on June 8, 1979 and the cancer *15 and resulting disability. Dr. Gunderson, who initially examined the plaintiff, testified by deposition that the cancer was not caused by the accident. Dr. Romsdahl, who excised the cancer, in a report admitted into evidence, indicated that the cancer was not caused by the accident, nor was it rendered more malignant by it. Dr. Gore, a cancer specialist, testified at trial that there was no causal relationship between the cancer and the accident.
We are well aware of the legal principle relied upon by plaintiff, stated in Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (La.1969), that "Where there is proof of an accident and of a following disability, without any intervening cause, it is presumed that the accident caused the disability." This presumption was recently explained in Allor v. Belden Corp., 393 So.2d 1233 (La.1981), as follows:
"On the specific issue of the causal connection between the accident and the disability, the claimant is entitled to the benefit of a presumption in certain cases. If an otherwise healthy worker suffers an accident at work and is thereafter disabled, it is presumed that there is a causal connection between the two, so long as the medical evidence establishes a reasonable possibility of such a connection. See Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978); Haughton v. Fireman's Fund American Ins. Cos., 355 So.2d 927 (La.1978); Lucas v. Ins. Co. of North America, 342 So.2d 591 (La.1977); Bertrand v. Coal Operators Cas. Co., 253 La. 1115, 221 So.2d 816 (1969); Malone & Johnson, supra, § 259, p. 572-3. This presumption is not conclusive, but it forces the defendant to come forward with sufficient contrary evidence to rebut it."
We believe, as did the trial court, that the medical evidence sufficiently overcame this presumption. All the physicians who examined and treated the plaintiff were of the opinion that the work-related accident of June 8, 1979 did not cause the disabling cancer. The trial court's factual determinations will be given great weight on appellate review and will not be disturbed in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Crump v. Hartford Accident & Indemnity Co., 367 So.2d 300 (La.1979); Hall v. Houston General Ins. Co., supra. Our review of the record indicates that the trial court was correct in finding that the plaintiff had not proved that his disability was caused by the work-related accident.
For the above and foregoing reasons, the judgment of the trial court denying the plaintiff's claim for workmen's compensation benefits is affirmed. All costs of this appeal are assessed against plaintiff-appellant, Johnny Hammond.
AFFIRMED.