436 So.2d 1325 (1983)
Adrian J. PERRILLOUX
v.
GODCHAUX-HENDERSON SUGAR CO., INC.
No. 83-CA-288.
Court of Appeal of Louisiana, Fifth Circuit.
August 8, 1983.
Writ Denied November 4, 1983.
*1326 Mathew Welmas & Joseph J. Lowenthal, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Godchaux-Henderson Sugar Co., Inc., defendant-appellant.
Robert R. Faucheux, Jr., Reserve, for Adrian J. Perrilloux, plaintiff-appellee.
Before BOUTALL, GAUDIN and GRISBAUM, JJ.
BOUTALL, Judge.
This is a workmen's compensation case. From a judgment in favor of the employee, the employer appeals. We reverse.
Adrian J. Perrilloux, an eighteen-year-old manual laborer, filed suit on May 7, 1981, against his employer, Godchaux-Henderson Sugar Company, Inc. (Godchaux), for "maximum" workmen's compensation benefits of $164.00 per week, alleging permanent total disability for a back injury. The petition recites that the appellee accidentally injured his back while lifting 110-pound bags on January 10, 1981, and alleges that he is unable to undertake any gainful employment.
Trial was held before a judge on April 2, 1982 following which both parties took depositions of physicians who had seen the appellee. On September 3, 1982, the judge rendered and signed a judgment with written reasons. The judgment found in favor of the employee and against the employer "for temporary total disability for a maximum amount of time of 25 weeks with credit for periods in which he may be employed for impairment and pain at the rate of One Hundred Forty-one Dollars ($141.00) per week." The judgment further cast the employer for all medical and rehabilitation expenses through July 17, 1981.
The issue before this court is whether or not the decision of the trial judge was manifestly erroneous. The appellant asserts that: 1) there is no factual basis for the award of compensation; 2) the legal basis for the decision is manifestly erroneous; and 3) the award is incomprehensible and bears no relationship to the evidence.
It is elementary in workmen's compensation cases that a claimant must show that he was injured in a work-related accident. LSA-R.S. 23:1031. Gorbach v. Prager, Inc., 310 So.2d 604 (La.1975). The court in Elie v. St. Paul Fire & Marine Ins. Co., 408 So.2d 297 (La.App. 3rd Cir.1981) set forth the requirements for recovery, as follows, at 299:
"The claimant has the burden of proving to a legal certainty and by a reasonable preponderance of the evidence that he is disabled. Guidry v. Ford, Bacon & Davis Construction Corp., 376 So.2d 352 (La.App. 3rd Cir.1979); Soileau v. Bituminous Casualty Corporation, 348 So.2d 1313 (La.App. 3rd Cir.1977); Hamilton v. Georgia Pacific Corp., 344 So.2d 400 (La. App. 1st Cir.1977). The issue of whether or not he has carried this burden must be determined by examining the totality of the evidence, including both lay and medical testimony. Guidry v. Ford, Bacon & Davis Const. Corp., supra; Crawford v. Al Smith Plumbing & Heating Service, Inc., 352 So.2d 669 (La.1977)."
The manifest error rule is applicable to appellate review of workmen's compensation *1327 cases. Meeks v. State Farm Fire & Cas. Co., 402 So.2d 138 (La.App. 1st Cir. 1981).
At the outset we note that the actual date of the accident is a matter of dispute between the parties. The only written notice to the employer was of an accident on September 3, 1980, which occurred while the employee was handling heavy sugar bags. The trial judge accepted January 10, 1981 as the date of the accident, and also as the last day of employment. In his reasons for judgment the trial judge explained:
"Regardless of Plaintiff's difficulty in reciting the date of this accident, his Petition alleges that it occurred on the 10th day of January, 1981, which is also the date testified to by Dr. Waguespack (page 28, line 13 of his deposition) and great weight must be attached to the treating physician's notes as being more accurate than the memory of the Plaintiff many months later.
"Plaintiff was initially seen by the LaPlace Medical Center and treated by S.J. St. Martin, M.D., who treated him for a period of several weeks, wherein upon advising that he should return to employment. Plaintiff continued to have pain in his back and legs and sought independent medical care from C.A. Montegut, M.D., for an extended period of time. Subsequently, the Plaintiff, because of his complaints of pain was unable to maintain employment and stopped working on January 10, 1981, and did not return to employment with the Defendant thereafter...."
We find that the judge's determination of the facts is not supported by the record.
Although his testimony was vague and conflicting as to dates, the plaintiff admitted that he reported only one accident, which occurred in September, 1980. A company accident report September 3, 1980, was introduced into evidence, and the date was confirmed by Roy Vignes, industrial supervisor of Godchaux, and by that of Debra Verdon, claims representative of Central Claims Service, which handles all Godchaux's injury claims.
The court gave undue weight to the deposition testimony of Dr. Roland S. Waguespack, as he himself expressed uncertainty:
"Q. Doctor, did Mr. Perrilloux indicate to you in his history on June 5, 1981, the exact date of this accident?
A. I have a question marked by the date and I have January 10, 1981, so it would be approximate."
The appellee's testimony regarding dates was unreliable. For example, he stated in the deposition that he began work at Godchaux on either June 6 or July 6, 1980, and that he had worked there about eight months when he had an accident in September, 1980. When asked later if he filed the accident report in September, 1980, he said, "Yes, somewhere around there. Maybe January." When asked again if he was definite that his only accident was in 1980, he replied, "Yes, somewhere around there... September or October."
While Dr. Waguespack did treat Perrilloux over a long period of time, he began seeing him in June, 1981. Other physicians, Dr. K.E. Vogel, and Dr. Don R. Guzzetta saw him earlier, in April, and reported that the appellee said he was injured in September, 1980. Clearly, the record does not support the occurrence of an accident on January 10, 1981.
We next consider whether, if an accident resulting in injury did occur either in September 1980 or later, the appellee was disabled under the Louisiana Workmen's Compensation statute, LSA-R.S. 23:1021 et seq. An earlier accident may result in a later disability coming into being.
The trial judge's finding that the plaintiff stopped working on January 10, 1981 because of pain is refuted by personnel records which indicate he was on the job as late as February 26, 1981. A "Trial Period Check-up" report introduced into evidence by Godchaux demonstrates that Perrilloux worked in the "wet bin" as a granulated laborer trainee until he was disqualified from training on February 8, 1981, for lack of interest and for telling the superintendent he felt it was too much responsibility. Debra Verdon testified that Godchaux-Henderson *1328 reported he was still working on February 26 but complaining of pain in the groin,[1] because of which she referred him to Dr. Don R. Guzzetta. Roy Vignes testified that on April 28, after receiving Dr. Guzzetta's report indicating no disability, he informed the plaintiff that compensation was denied. He was on lay-off status at that time, and was continued on the company roster until August 17, 1981, when he was fired for failing to report for a "return to work physical."
The appellee's testimony is contrary to the company's records. He testified in his deposition that he quit work on January 10, 1981 because of pain. At trial he testified that he stopped working in January because he couldn't lift the sacks. Under cross examination he said that he had been fired in January, 1981 but worked continuously from June 6, 1980 until then. As he was recalled to report on August 11, 1981, his report of being fired is incorrect.
Even though the employee continued working, if he established that he suffered a disabling, work related injury, he could still recover under certain circumstances. If, as his petition alleges, he could work only in substantial pain, he might recover under the odd lot doctrine, as urged by his counsel.
The Supreme Court in Calogero v. City of New Orleans, 397 So.2d 1252 (La.1980), explained the odd lot doctrine as related to injured workers who can only continue to work in substantial pain as follows, at 1254:
"The `odd lot' concept can be also applied in substantial pain cases where an injured worker, because of his injury, can function only with substantial pain or with the help of fellow workers, he may not be considered a particularly desirable employee. Thus, if the worker's pain appreciably limits the types of work available to him and greatly diminishes his ability to compete in the labor market, he could be treated as an `odd lot' worker in the determination of his claim for total disability benefits. See Dusang v. Henry C. Beck Builders, Inc., et al., 389 So.2d 367 (La.1980)."
However, the pain must be severe and disabling. Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981); Dusang v. Henry C. Beck Builders, Inc., supra. Some residual pain or discomfort when working after an accident is not sufficient for an employee to be found disabled. Jones v. Woodson Construction Company, 213 So.2d 151 (La.1968).
The evidence in the Wilson case was conclusive that the plaintiff's back pain was so acute as to make it impossible for her to work. The testimony of four doctors, the plaintiff, and her mother was in agreement. In the more recent case of Salvador v. Slidell, 415 So.2d 511 (La.App. 1st Cir.1982), the testimony of three physicians, the plaintiff, his wife, and his daughter-in-law was in agreement as to the plaintiff's constant, substantial pain.
In the case before us each medical report notes low back pain but only Dr. Waguespack, whom Perrilloux began seeing in June, 1981, indicated that the pain was severe. Dr. Christy Montegut, whom he consulted in February, 1981 on his own for pain and swelling in the groin and who saw him twice, reported a complaint of back pain but no disability. Dr. K.E. Vogel, to whom the plaintiff's attorney referred him in April, 1981, reported that he was "in no acute distress," and found "no limitation of motion of muscle spasm."
Dr. Waguespack reported a significant decrease in range of motion of Perrilloux's lower back but testified that the employee refused to go through many of the normal motions and he did not push him because of his complaints of pain. When asked whether he would question the opinions of the two specialists, Dr. Harold M. Stokes, an orthopedist, and Dr. Vogel, a neurosurgeon, as to the employee's fitness to work, Dr. Waguespack replied, "If it was their opinion that there was nothing wrong and he could work, I have no reason to question it."
The plaintiff's lay witnesses were himself and Douglas McBride, a Godchaux employee, who were questioned to corroborate Perrilloux's complaints of severe pain. Neither *1329 witness was convincing, Perrilloux because of his conflicting statements throughout the record, and McBride because of his inability to state with certainty his own dates of employment at Godchaux, much less whether they overlapped with Perrilloux's employment period.
We find that the plaintiff failed to carry his burden of proof as to disability under the Louisiana Workmen's Compensation statute and that the judgment appealed from is clearly erroneous.
Accordingly, we reverse the judgment rendered in favor of the plaintiff, Adrian J. Perrilloux, and against the defendant, Godchaux-Henderson Sugar Company, Inc., and render judgment in favor of the defendant, Godchaux-Henderson Sugar Company, Inc., and against the plaintiff, Adrian J. Perrilloux, dismissing his claim for workmen's compensation benefits at his costs.
REVERSED AND RENDERED.
NOTES
[1] The medical evidence showed this to be a glandular condition unrelated to his work.