BOUTALL, Judge.
This appeal arises from a judgment of the trial court awarding to the plaintiff and against the defendant workman’s compensation benefits for a period of 25 weeks.
•On or about December 28, 1978, Joyce Grady, an employee of Schwegmann Bros. Giant Super Markets, Inc. (hereinafter referred to as Schwegmann’s) was allegedly injured in the course of her employment when a case of beer fell on the top of her head and her right lower extremity thereby inflicting personal injuries. Subsequently, Leola Hookfin, on behalf of her minor daughter Joyce Grady, filed suit against Schwegmann’s alleging that her daughter was totally and permanently disabled as a result of the accident and therefore, is entitled to the appropriate workman’s compensation benefits. Hookfin also sought penalties and attorney’s fees from Schweg-mann’s.
Upon trial of this matter the lower court entered judgment in favor of the plaintiff and against the defendant awarding workman’s compensation benefits in the amount of $42.00 per week for a period of 25 weeks plus medical expenses, penalties, and attorney’s fees. From this judgment Schweg-mann’s has appealed suspensively.
On appeal the only issue presented for our consideration is whether the trial court’s award of workman’s compensation benefits for a period of 25 weeks was an abuse of discretion or manifestly erroneous.
It is well settled in Louisiana jurisprudence that a plaintiff in a workman’s compensation case must establish his claim to a legal certainty and by a reasonable preponderance of the evidence. Dufrene v. St. Charles Parish Police Jury, 371 So.2d 378 (La.App. 4th Cir. 1979); Guidry v. Ford, Bacon and Davis Construction Corp., 376 So.2d 352 (La.App. 3rd Cir. 1979). In doing so, a plaintiff may rely on both medical and lay testimony. Tantillo v. Liberty Mutual Ins. Co., 315 So.2d 743 (La.1975); Simpson v. S. S. Kresge Co., 389 So.2d 65 (La.1980). Once the trial court has made factual findings as to disability and the length thereof, these determinations are entitled to great weight and are not to be disturbed except upon a showing of manifest error. Newell v. United States Fidelity and Guaranty Company, 368 So.2d 1158 (La.App. 3rd Cir. 1979); Stokes v. Continental Ins. Co., 345 So.2d 1200 (La.App. 1st Cir. 1977).
With respect to the case before us the record reflects that the plaintiff suffered personal injuries on December 28, 1978 in a work related accident. Examination of the plaintiff after the accident re *1220 vealed that she had sustained a contusion to the head with a cerebral concussion; post traumatic headaches; and cervical, lumbar and ankle sprains. The plaintiff was treated by Dr. William Hill until March 8, 1979 whereupon she was discharged. At that time Dr. Hill indicated that the only physical finding as to the plaintiff was a mild tenderness in the lumbar area and occasional headaches. Apparently the cervical and ankle sprains were asymptomatic. The testimony given by Dr. Hill was corroborated by that given by the plaintiff. She further testified that the lower back pain and headaches persisted for the next two to three months, or some five months after the accident. Thereafter she returned to work as a cashier at McDonald’s, without experiencing any signs of physical impairment except for an occasional headache.
Based on the foregoing the lower court found that the plaintiff was temporarily totally disabled for a period of 25 weeks and therefore, entitled to workman’s compensation benefits at the rate of $42.00 per week for this period of time, plus medical expenses, penalties and attorney’s fees. Apparently the trial court relied on both the lay testimony of the plaintiff and the medical testimony of Dr. Hill in reaching its findings.
Upon a review of the law and the evidence in this matter we hold that there has been no showing that the trial court has committed manifest error. Accordingly, we order that the judgment of the trial court be affirmed.

AFFIRMED.