413 So.2d 962 (1982)
Viola BORDELON, Plaintiff-Appellee,
v.
RANGER INSURANCE COMPANY and Colonial Nursing Home, Defendants-Appellants.
No. 8740.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1982.
Rehearing Denied June 1, 1982.
*963 Gist, Methvin, Hughes & Munsterman, H. B. Gist, III, Alexandria, for defendant-appellant.
James T. Lee, Marksville, for plaintiff-appellee.
Before DOMENGEAUX, FORET and LABORDE, JJ.
FORET, Judge.
Viola Bordelon (Plaintiff) brought this workmen's compensation action to recover disability benefits, medical expenses, travel and incidental expenses, and penalties and attorney's fees. Defendants are Colonial Nursing Home (Colonial) and its workmen's compensation insurer, the Ranger Insurance Company (Ranger).
The trial court, after trial, rendered judgment in favor of plaintiff for permanent total disability and all medical expenses, but denied plaintiff's demands for penalties and attorney's fees.
Defendants appeal suspensively from the trial court's judgment and raise the following issue:
Whether the trial court committed manifest error in finding that plaintiff was suffering from substantial pain that rendered her totally and permanently disabled.
Plaintiff has answered the appeal praying that the judgment appealed from be amended to award her penalties and attorney's fees and that the judgment be affirmed as amended.

FACTS
This action arises out of an accident which occurred on January 15, 1981, when plaintiff, employed as a cook by Colonial[1], slipped and fell on a wet floor of the kitchen of that facility, injuring herself.
The following facts were stipulated to:
(1) Plaintiff was involved in a work-related accident on or about January 15, 1981, while employed by Colonial;
(2) Ranger provided workmen's compensation insurance coverage to Colonial on the date and at the time of the accident;
(3) That all medical bills incurred by plaintiff up to the date of trial have been paid by Ranger;
(4) The compensation rate is $89.33 per week;

*964 (5) Payment of workmen's compensation benefits to plaintiff was terminated on February 19, 1981.
Plaintiff alleges: the happening of the work-related accident and that she suffered injury to her left elbow and right shoulder in that accident; that, as a result of those injuries, she has suffered severe discomfort and substantial pain; that because employment of another type would require special training, she must depend upon labor of the type which she performed for Colonial in order to earn a livelihood; that defendants had acted in an arbitrary and capricious manner when they terminated the payment of workmen's compensation disability benefits to her; that she is entitled to recover benefits as provided in LSA-R.S. 23:1221(2) for total and permanent disability; that, in the alternative, she is entitled to recover permanent partial disability benefits as provided for in LSA-R.S. 23:1221(4), or any other applicable provisions of the Louisiana Workmen's Compensation Act; and, that defendants are responsible for all medical expenses incurred in the treatment of her injuries, both past and future, together with all incidental expenses related thereto. Plaintiff also sought to recover penalties and attorney's fees for defendants' alleged arbitrary and capricious actions in terminating the payment of disability benefits to her.
Defendants contend that they had terminated the payment of disability benefits to plaintiff upon receipt of an unequivocal report from plaintiff's treating orthopedic surgeon stating that plaintiff had fully recovered from her injuries and was able to resume full employment without any disability.

PLAINTIFF'S ALLEGED DISABILITY
The trial court made the following findings of fact, which it set forth in its written opinion:
"1) Plaintiff's shoulder and arm conditions were related to the job site accident and thus the disability of Mrs. Bordelon arose from the said accident;
2) Viola Bordelon has bursitis which is related to the fall of Viola Bordelon at Colonial Nursing Home;
3) Plaintiff's bursitis is very painful and interminable;
4) Plaintiff is totally and permanently unable to pursue any gainful employment without experiencing substantial pain."
The trial court further stated that:
"Mrs. Bordelon testified that she has limited education; that the only work she has done is work as a laborer and a cook which involves heavy lifting and heavy labor; that she is not able to do work because of the injuries which she sustained in the accident.
The law clearly provides that a worker is totally disabled if he is unable to pursue any gainful employment without experiencing substantial pain."
As can be seen from the above excerpts, the trial court analyzed this "substantial pain" case within the framework of the "Odd Lot Doctrine".
A worker who cannot return to any gainful employment without suffering substantial pain is entitled to compensation benefits for total disability. Lattin v. HICA Corporation, 395 So.2d 690 (La.1981); Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981); Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980); Whitaker v. Church's Fried Chicken, Inc., 387 So.2d 1093 (La.1980).
Lattin stated, on pages 693 and 694 that:
"Under the odd lot doctrine, a claimant is considered totally disabled if his injury makes him an odd lot in the labor market, that is, one capable of obtaining employment periodically but one whose services are so limited in quality, dependability or quantity that a reasonably stable market for his services does not exist. An odd lot claimant need not be absolutely helpless to qualify for total disability. If the claimant can prove that his physical condition, mental capacity, education, training age or other factors combine to place him at a substantial disadvantage in the *965 competitive labor market, he has made out a prima facie case for classification in the odd lot category. This satisfies his burden of proving that he should be awarded benefits for permanent and total disability. The employer or insurer must then show that some form of gainful occupation is regularly and continuously available to the employee within reasonable proximity to the employee's residence."
"The odd lot doctrine is also applicable to substantial pain cases because a worker who, due to his injury, can function only with substantial pain or with the help of fellow workers may not be considered a particularly desirable employee. Thus, if a claimant's pain appreciably limits the types of work available to him and greatly diminishes his ability to compete in the labor market, he can be treated as an odd lot worker and be awarded total disability, unless there is proof that jobs are realistically available to him. On the other hand, if a worker cannot perform the same work that he did before his injury because it causes him substantial pain, but he has the mental capacity to perform other jobs which are available, he should be considered partially disabled. Dusang v. Henry C. Beck Builders, Inc., supra."
Defendants contend that the trial court committed manifest error in making its finding of fact number (4), i.e., that plaintiff is totally and permanently unable to pursue any gainful employment without experiencing substantial pain. Defendants argue that plaintiff failed to prove that she is totally and permanently disabled and/or that she suffers from substantial pain.
The claimant has the burden of proving to a legal certainty and by a reasonable preponderance of the evidence that he is disabled. Elie v. St. Paul Fire & Marine Insurance Co., 408 So.2d 297 (La. App. 3 Cir. 1981); Augustine v. Courtney Construction Co. of Alexandria, Inc., 405 So.2d 579 (La.App. 3 Cir. 1981), writ denied, 407 So.2d 735 (La.1981); Guidry v. Ford, Bacon & Davis Const. Corp., 376 So.2d 352 (La.App. 3 Cir. 1979); Soileau v. Bituminous Casualty Corp., 348 So.2d 1313 (La. App. 3 Cir. 1977). Whether a workmen's compensation claimant is suffering pain substantial enough to be disabling is a question of fact to be decided by the trial court on the basis of the preponderance of the medical and lay evidence. Lemoine v. Employers Casualty Company, 378 So.2d 594 (La.App. 3 Cir. 1979), writ denied, 380 So.2d 101 (La.1980); Newell v. United States Fidelity & Guaranty Company, 368 So.2d 1158 (La.App. 3 Cir. 1979); Lucas v. Insurance Company of North America, 342 So.2d 591 (La.1977). Once the trial court has made factual findings as to disability and the length thereof, these determinations are entitled to great weight and are not to be disturbed except upon a showing of manifest error. Hookfin v. Schwegmann Brothers Giant Super Markets, Inc., 398 So.2d 1218 (La.App. 4 Cir. 1981); Newell v. United States Fidelity & Guaranty Co., supra; Stokes v. Continental Insurance Co., 345 So.2d 1200 (La.App. 1 Cir. 1977).
We have carefully reviewed the medical evidence and lay testimony. While a different trier of facts, and while we ourselves may have reached a conclusion different from that reached by the trial judge herein, we cannot say that reversible error was committed by the trial court.
There is considerable conflict in the medical evidence, and there are even discrepancies in the plaintiff's testimony, which tend to bring the judgment of the trial court under some suspicion of error. But, due to the traditional liberal treatment of workmen's compensation cases, and the restricted judicial review afforded to the intermediate appellate courts of Louisiana, we feel that we would ultimately be found in error should we reverse the trial court judgment.
Further, the defendants herein have the option of re-opening this case according to law for later evaluation of plaintiff's physical condition. In such an eventuality, both the trial court and this Court may have further opportunity to review the matter.
*966 Likewise, for the reasons stated above, we are of the opinion that the judgment of the trial court denying penalties and attorney's fees is correct, and we affirm same.
Costs of this appeal are assessed against appellants.
AFFIRMED.
DOMENGEAUX, J., concurs in the result.
NOTES
[1] The Colonial Nursing Home is located in Marksville, Louisiana.