446 So.2d 530 (1984)
Chester EWING, Plaintiff-Appellee,
v.
TREND DRILLING COMPANY, et al., Defendants-Appellants.
No. 83-458.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
*531 Dutel & Dutel, Arthur J. O'Keefe, Metairie, for defendants-appellants.
Cline, Miller & Richard, Larry T. Richard, Rayne, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and STOKER, JJ.
DOMENGEAUX, Judge.
This is a worker's compensation case in which plaintiff seeks on-the-job benefits for a disabling lower back injury allegedly sustained during the course and scope of his employment with Trend Drilling Company.
Plaintiff originally instituted suit against Trend Drilling Company and its alleged compensation insurer, Mid-Continent Underwriters. Mid-Continent Underwriters was later dismissed on a motion for summary judgment; plaintiff had mistakenly assumed Mid-Continent to be the compensation insurer, when in fact it was an insurance broker which merely handled claims for the actual insurer. Subsequently plaintiff was granted leave to amend his petition to name Northwest Insurance Company as the proper party defendant.
After trial of the matter, the judge below, in a written opinion, concluded that plaintiff did in fact suffer a work-related injury which rendered plaintiff totally and permanently disabled, and accordingly rendered judgment in favor of the plaintiff and against Trend Drilling Company and Northwest Insurance Company. Defendants have appealed this adverse judgment.
The issues presented on appeal are: (1) Did plaintiff carry his burden in proving that an accident did occur during the course and scope of his employment; and (2) Was the trial judge correct in finding plaintiff's injury to be of a total and permanent nature?
On or about September 9, 1981, the plaintiff was employed as a maintenance hand for Trend Drilling Company. On that date Mr. Ewing, pursuant to orders given to him by his superiors, was attempting to repair a water pump. This pump was located on top of a six or seven foot tank. Plaintiff claims that he was climbing up a ladder to get to the pump when the ladder slipped causing him to fall and injure his back.
Mr. Ewing testified that the pain he felt at the time of the fall subsided; however, the next day it began hurting and continued to get worse. The plaintiff further stated that the day after the accident he Pinformed his supervisor of the injury and was instructed to fill out an accident report but none could be found. There was testimony from other drilling company employees that they had been informed of the accident and of Mr. Ewing's attempt to report it.
Following the accident Mr. Ewing was given a job as a driller. This job was not as strenuous as his earlier job but in spite *532 of this Mr. Ewing was in constant pain. The plaintiff continued working for Trend Drilling in this capacity until he was laid off on November 10, 1981. Prior to his termination the plaintiff had seen Dr. C.C. Matirne in connection with his back problem. Although Doctor Matirne determined that plaintiff suffered from chronic back pain, Mr. Ewing, in order to support his family, went to work for Explorer Drilling Company as a driller. His employment with Explorer continued until January 14, 1982. Suit was subsequently filed on behalf of Mr. Ewing seeking compensation benefits in April of 1982.
Defendants' version of this occurrence is in conflict with plaintiff's testimony. Defendants claim that they first learned of plaintiff's accident in October of 1981. At that time plaintiff was informed by one of his supervisors that his employment with Trend Drilling Company would be terminated. Carlton Simon, the tool pusher, testified that plaintiff had not reported the accident until plaintiff found out he was going to be laid off. Ergo, defendants' contention is that the accident and threat of suit was simply a ploy to prevent his termination from Trend Drilling Company. Plaintiff claimed that upon notice of termination he merely reminded his employer of the earlier injury and of their obligation for his medical expenses regardless of his continued employment.
It is clear that there were no eye witnesses to plaintiff's alleged accident, other than the plaintiff himself. Of course as pointed out by this Court in Clement v. Fidelity & Casualty Company of New York, 220 So.2d 575 (La.App. 3rd Cir. 1969), "it is a sound principle within our jurisprudence that an accident can be established by the testimony of the claimant alone, if his statements are supported by the surrounding circumstances, and there is nothing to discredit his testimony as to how the accident occurred."
"Thus credibility of the plaintiff plays a crucial role in this decision making process. The trial judge is in the best position to make such a decision rather than an Appellate Court from a hard, cold record." Breaux v. Great Atlantic & Pacific Tea Company, Inc., 302 So.2d 672 (La.App. 3rd Cir.1974), writ denied, 305 So.2d 540 (La. 1975). In this regard the trial judge made the following finding in his well-reasoned opinion:
"... the Court finds that plaintiff did in fact suffer a work-related injury while employed at TREND DRILLING COMPANY; more specifically, an injury caused by a fall from a make-shift ladder, which the plaintiff was using to repair a pump. The Court also finds that plaintiff tried to comply with his obligations under the Workman Compensation statute by attempting to fill out an accident report; but that no forms were available; and by notifying his employer, Bill Lawrence, of the accident."
From the foregoing we believe the surrounding circumstances do corroborate the testimony of the plaintiff and conclude that the preponderance of the evidence is to the effect that plaintiff did sustain a work-related injury on September 9, 1981.
Next, defendant contends that the trial judge erred in finding plaintiff's injury to be of a total and permanent nature.
When a workman cannot perform the substantial duties attendant to any gainful employment or can only perform them in substantial pain as a result of work-connected injury, such workman is totally and permanently disabled for workmen's compensation purposes. Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La. 1981); Bordelon v. Ranger Insurance Company, 413 So.2d 962 (La.App. 3rd Cir. 1982); Hamilton v. New Amsterdam Casualty Company, 208 So.2d 158 (La.App. 4th Cir.1968).
The trial judge in ruling on this issue stated:
"Based upon Dr. Harmon's expertise, and finding that he had greater opportunity to observe, diagnose and treat the plaintiff, the Court finds Dr. Harmon to be the most credible expert and accept his findings. Taking Dr. Harmon's testimony *533 in conjunction with the testimony of the plaintiff and Dr. Deese; the Court finds that plaintiff was suffering from a pre-existing arterior spurring at L-4 and L-5 with degeneration and narrowing at L-5 S-1, which work related September 6th, 1981 accident aggravated this condition by causing a rupture or a disruption of the disc at L-5 S-1. The Court finds this ruptured disc injury to be of a permanent, total nature within the meaning of the Workmen Compensation Statutes."
Once the trial court has made factual findings as to disability and the length thereof, these determinations are entitled to great weight and are not to be disturbed except upon a showing of manifest error. Bordelon v. Ranger Insurance Company, supra; Hookfin v. Schwegmann Bros. Giant Super Markets, Inc., 398 So.2d 1218 (La.App. 4th Cir.1981).
We have carefully reviewed the medical evidence and lay testimony. While there is some conflict in the testimony, we cannot say that reversible error was committed by the trial court. Further, the defendants herein have the option of re-opening this case according to law for later evaluation of plaintiff's physical condition. Thus we feel we would be in error to reverse the trial court's judgment.
Lastly, the plaintiff in his brief asks us to amend the trial court's judgment to award attorney's fees and penalties because the defendants allegedly arbitrarily refused to pay benefits. However, because the plaintiff neither appealed nor timely answered the defendant's appeal that question is not properly before us. La.C.C.P. Art. 2133; Knott v. Welltech, Inc., 428 So.2d 1221 (La.App. 3rd Cir.1983); Hennen v. Louisiana Highway Commission, 178 So. 654 (La.App. 2nd Cir.1938).
For the above and foregoing reasons the judgment of the trial court is affirmed. Defendants are to pay all costs of this appeal.
AFFIRMED.