KING, Judge.
The issue presented by this appeal is whether or not the trial court erred in not awarding plaintiff workmen’s compensation benefits.
Plaintiff, Rodney F. Baggett (hereinafter Baggett), brought suit against defendants, Bagwell Coating, Inc. (hereinafter Bag-well), plaintiff’s employer, and Fireman’s Fund Insurance Company (hereinafter Fireman’s Fund), Bagwell’s insurer, to collect workmen’s compensation benefits for an injury sustained by him while in the employ of Bagwell. After a trial on the merits, the trial court found that Baggett failed to prove his entitlement to workmen’s compensation benefits. Baggett appeals and argues that the trial court erred in (1) failing to find that he was incapable of returning to gainful employment without working in substantial pain; and (2) failing to find that defendants, Bagwell and Fireman’s Fund, acted arbitrarily, capriciously, and without probable cause in terminating plaintiff’s workmen’s compensation benefits. For the reasons hereinafter set forth, we affirm.
FACTS
On Friday, June 18, 1982, Baggett was injured in the course and scope of his employment with Bagwell when he tripped and struck his right shoulder and the upper right side of his back on a stack of conduit *1305 pipes. Baggett was working for Bagwell as a carpenter at the time he sustained his injury. Immediately following the accident, Baggett was taken to the first-aid station at the job site, and an accident report was made. Baggett remained at the job site for the remainder of the day but engaged in very little physical activity.
The following Monday, June 21, 1982, Baggett went to see his family physician, Dr. Bobby Deshotel, who diagnosed him as having incurred a strain and sprain of the ligaments and muscles of the neck area, and a contusion to the right shoulder. Dr. Deshotel prescribed medication to prevent swelling, muscle spasms, and also for pain. Baggett remained under Dr. Deshotel’s care until he referred Baggett to a neurosurgeon, Dr. Dean Moore, who saw Bag-gett on October 7, 1982. Following the initial visit, Dr. Moore admitted Baggett to Lake Charles Memorial Hospital on October 10, 1982 to place him in traction and to give him physical therapy. While in the hospital, Dr. Moore performed a myelo-gram on Baggett, with the results of the test being essentially normal. Baggett was considered officially discharged from the hospital on October 24, 1982 upon his failure to return to the hospital after leaving on a weekend pass.
Baggett did not visit Dr. Moore again until April 27, 1983, which was after the institution of this lawsuit. At that time Dr. Moore recommended further testing to confirm his preliminary diagnosis that Baggett was suffering from a herniated lumbar disc. However, this additional testing was never performed because Baggett indicated he would refuse to undergo surgery, to correct the problem, even should the tests confirm Dr. Moore’s diagnosis.
From May, 1983 through September, 1983 Baggett worked as an independent contractor for Sonnier Timber Company as leader of a pulpwood cutting crew. Initially, Baggett’s job required him to operate a “loader,” which loaded pieces of pulpwood onto a truck, and also to drive the truck to a delivery yard. Later, Baggett’s job additionally required him to operate a “retriever” (also known as an “iron mule”), a machine that mechanically transports logs from where they have been cut to the truck.
The defendants paid Baggett workmen’s compensation benefits from the date of injury until December 3, 1982, at which time the benefits were terminated. The defendants reinstituted payments on June 6, 1983, at which time they also paid to Baggett all benefits that-had accrued between December 3, 1982 and June 6, 1983. On June 27, 1983, and at the request of the defendants, Baggett was examined by Dr. William Akins, an orthopedic surgeon. After this examination Baggett’s workmen’s compensation benefits were terminated once again on October 17, 1983.
At trial several witnesses testified on behalf of Baggett, including Dr. Dean Moore. Dr. Moore testified that his April 27, 1983 examination of Baggett indicated that he was suffering from a herniated lumbar disc, and that the injured disc was a result of his accident. The defendants also produced witnesses on their behalf and additionally introduced the deposition of Dr. William Akins into evidence. In his deposition, Dr. Akins testified that he disagreed with Dr. Moore’s diagnosis of a herniated lumbar disc and that, from both objective and subjective findings, he was unable to find Baggett disabled.
After trial, judgment was rendered against Baggett and in favor of the defendants, Bagwell and Fireman’s Fund, dismissing his suit at his cost. Baggett subsequently timely perfected this devolutive appeal.
SPECIFICATIONS OF ERROR NUMBERS 1 AND 2
In his first and second specifications of error, Baggett contends (1) that the trial court erred in failing to find that he was disabled because of his inability to work without substantial pain and (2) that the trial court erred in placing greater weight on the testimony of an examining physician (Dr. Akins), obtained in contemplation of *1306 litigation, than that of his two treating physicians (Dr. Deshotel and Dr. Moore).
During the trial, four members of Bag-gett’s pulpwood cutting crew testified in support of his claim that he worked in substantial pain during the time he was involved in pulpwood cutting operations. Of the four witnesses, three are related to plaintiff either by blood or marriage. Two of the four crew members stated that, although Baggett had never voluntarily indicated to them that he was in pain, his physical movements gave them the impression that he was in pain at various times while working with them.
In support of their contention that Bag-gett was capable of working without incurring substantial pain, defendants produced two witnesses, Louis Sonnier of Sonnier Timber Company, and Terry Barrett, a foreman for Sonnier Timber Company. Both of these witnesses testified that they visited Baggett’s job site on numerous occasions and observed Baggett engaging in physical labor without any noticeable physical limitations or restrictions in his body movements. Sonnier and Barrett also testified that Baggett never indicated to them that he was in pain, or was having physical problems.
An investigator employed by Fireman’s Fund to perform an activity check on Bag-gett also testified on behalf of the defendants. The investigator stated that he observed Baggett’s activity on September 8, 1983, including his operation of the “retriever” at the pulpwood job site. In addition to identifying photographs that he took of Baggett operating the retriever, the investigator testified that he observed no limitations in Baggett’s working ability during the course of the day.
As previously stated, Dr. Moore testified that he was of the opinion that Baggett was suffering from a herniated lumbar disc, and that the disc injury resulted from Baggett’s accident. Since the myelogram performed on Baggett was essentially normal, Dr. Moore’s opinion was based on a subjective examination of Baggett. Dr. Deshotel, Baggett’s family physician, also testified that during his initial examination of Baggett subsequent to the accident that Baggett complained of his right shoulder and neck area hurting and of back pain generally. Dr. Deshotel admitted, however, on cross-examination that he made no mention in his initial or subsequent notes of Baggett having complaints of low back pain.
Also, as previously mentioned, the deposition of Dr. Akins was admitted into evidence where the doctor testified that he was unable to find Baggett disabled or suffering from a herniated lumbar disc based on Baggett’s objective and subjective symptoms.
When a workman cannot perform the substantial duties attendant to any gainful employment or can only perform them in substantial pain as a result of a work-connected injury, such workman is totally and permanently disabled for workmen’s compensation purposes. Ewing v. Trend Drilling Co., 446 So.2d 530 (La.App. 3rd Cir.1984), and cases cited therein; Olson v. Insurance Co. of State of Pennsylvania, 471 So.2d 1151 (La.App. 3rd Cir. 1985). In reference to the “odd lot” doctrine, this Court discussed the doctrine in Bernard v. Merit Drilling Co., 434 So.2d 1282 (La.App. 3rd Cir.1983), as follows:
“A worker who is unable to return to any gainful employment without suffering substantial pain is entitled to compensation benefits for total disability. Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981); Dusang v. Henry Beck Builders, Inc., 389 So.2d 367 (La.1980). According to the odd-lot doctrine, an employee is entitled to compensation for total disability when he is rendered unable to perform any job or service for which a reasonable market exists. The term ‘any gainful employment’, as used in the workmen’s compensation statute, is interpreted to mean any gainful occupation which, as a practical matter, affords the claimant an opportunity for employment. Wilson v. Ebasco Services, Inc., supra.” Bernard v. Merit Drill *1307 ing Co., 434 So.2d 1282, at page 1285 (La.App. 3rd Cir.1983).
Nevertheless, whether plaintiff experiences pain while working, and the extent thereof, are factual questions. Olson v. Insurance Co. of State of Pennsylvania, supra. The trial court’s factual findings as to disability are entitled to great weight and should not be disturbed unless clearly wrong. Venable v. Rawlings, Inc., 471 So.2d 1131 (La.App. 3rd Cir.1985); Olson v. Insurance Co. of State of Pennsylvania, supra. Both medical and lay testimony must be considered in determining disability; however, it is the trial court’s function to determine the weight accorded to that testimony. Venable v. Rawlings, Inc., supra.
We conclude that the trial court’s finding of fact that plaintiff was able to work without substantial pain, and therefore was not disabled, is not clearly wrong. In his written opinion, the trial judge quoted the testimony of Dr. Akins as it related to Dr. Moore’s diagnosis of plaintiff suffering from a herniated lumbar disc as follows:
“ ‘[I] have to disagree with his conclusion. He hasn’t offered enough proof as displayed to me that the man has a probable herniated disc. I will agree with the term possible herniated disc but since I have also been furnished with the information that he has a normal myelogram, I don’t understand from reading the report of 14, October ’83 from Dr. Moore, how he is able to make, for purposes of testimony, the probable diagnosis of herniated disc. The man’s findings have not changed since the April of ’83 findings and he has a normal myelogram. Now if you can show me a positive myelogram and a positive cat scan, I would certainly go right along with Dr. Moore. He has some suggestions but he has no proof, not for legal purposes and not for operative purposes.’ ”
The credibility assigned by the trial judge to testimony in a worker’s compensation proceeding is to be given great weight upon review. Roshto v. Wausau Insurance Companies, 457 So.2d 261 (La. App. 3rd Cir.1984), writ den., 460 So.2d 1047 (La.1984). In this case, the trial court’s evaluation of the credibility of the various witnesses, including the weight accorded to the testifying physicians, will not be disturbed.
SPECIFICATION OF ERROR NUMBER 3
In his second assignment of error, Baggett contends that the trial court erred in (1) failing to find that the defendants acted arbitrarily, capriciously and without probable cause in terminating his workmen’s compensation benefits; and (2) failing to award statutory penalties and attorney’s fees as a result thereof.
Our conclusion that the trial court was not clearly wrong in its determination that Baggett’s disability did not extend beyond October 17, 1983 makes any discussion of plaintiff-appellant’s second assignment of error unnecessary.
For the foregoing reasons, the judgment of the trial court is affirmed. Plaintiff-Appellant is taxed with all costs of this appeal.
AFFIRMED.