LABORDE, Judge.
Anna Belle Babin filed suit against her former employer, the Lafayette Parish School Board (the School Board), seeking worker’s compensation benefits, penalties and attorney’s fees. The trial court found in favor of the School Board and dismissed Babin’s claim at her cost. Babin appeals this decision. She alleges that the trial court erred in dismissing her claim by erroneously finding that she did not produce *125 evidence of disability beyond May 10, 1983. We affirm.
Plaintiff, Babin, was employed by the School Board as a janitor at the Katherine Drexel Elementary School. On September 8,. 1982, she was required to mow the school lawn. In doing so, Babin twisted her back and suffered a sharp pain in her back. Her injury was diagnosed as a lumbar strain. The injury caused her alleged disability. Babin visited Dr. Wynne Stubbs, a family practitioner on September 13, 1982. Dr. Stubbs referred her to an orthopedic surgeon, Dr. John Humphries. Plaintiff was subsequently seen by Dr. Fred Webre, Dr. William Meuleman, and Dr. Louis Blanda; all orthopedic surgeons.
Soon after the accident, the School Board began paying plaintiff weekly worker’s compensation benefits and also paid her medical expenses. She continued to receive these payments until June 30, 1983. The School Board then discontinued paying benefits claiming that none of the physicians who treated plaintiff had found any evidence of injury that would prevent her from returning to her job with the School Board. After trial on the merits, the trial court found that plaintiff suffered an acute lumbar strain which caused her to become temporarily disabled. The court, however, found that no medical evidence indicated that her disability continued past March 10, 1983.
Plaintiff now contends that the trial court totally ignored the testimony of Dr. Blanda, who treated plaintiff from March 14, 1983 to January 30, 1984. She claims that Dr. Blanda’s testimony indicates that she is still unable to work. She also claims that the testimony of her husband and son should be considered to verify the pain and suffering that she now endures.
The School Board argues that all of the medical testimony presented, including that of Dr. Blanda, indicates that plaintiff was no longer disabled when it stopped paying her worker’s compensation benefits. It thus claims that the trial court’s decision to deny plaintiff worker’s compensation benefits was correct.
MEDICAL TESTIMONY
The depositions of the doctors who treated plaintiff were made a part of the record. Dr. Stubbs first examined plaintiff on September 13, 1982. She subsequently visited his office three more times. Dr. Stubbs suggested that she undergo physical therapy to improve her situation. Her last visit to Dr. Stubbs was on September 30, 1982. At that time he referred her to an orthopedic surgeon because his findings were negative and he was having trouble understanding her complaints of pain. He could make no physical findings why she could not return to her job at the School Board.
Dr. Humphries first saw plaintiff on October 8, 1982. He found her to have a low back problem and suggested that she continue with her physical therapy. Plaintiff saw Dr. Humphries at least six more times concluding with her visit on March 10, 1983. At that time he told her that it had been six months since her injury and he had nothing to offer her from a surgical standpoint. Dr. Humphries stated that he had seen plaintiff walk without a limp when she did not know that he was watching her (allegedly plaintiff always limped in the presence of a doctor). Dr. Humphries stated that his examination and objective findings indicated that there was no reason that she could not return to work. He stated that she may, at first, have problems with extremely heavy lifting, but that no other restrictions should be placed on her.
Dr. Webre saw plaintiff on October 19, 1982. He believed that she had a strain of the lower back. He suggested that she receive some conservative treatment by her physician and felt that her symptoms would then subside allowing her to return to normal employment. Another appointment was scheduled for November 18, 1982, but plaintiff did not show up.
Dr. Blanda first saw plaintiff on March 14, 1983. He continued to treat her until January 30, 1984. He felt that she had lumbar strain syndrome and also arthritic problems not related to the accident. He suggested that plaintiff undergo a disco-gram, but it was not performed because she would be unable to pay for it. He *126 stated that he was not sure if plaintiff suffered from any abnormality in her back. He felt that a discogram would have clarified if anything was wrong.
Finally, Dr. Meuleman saw plaintiff on February 20, 1984. He stated that he saw no physical problems related to the accident and that any back problems related to a lumbar strain would have totally subsided by the time of his examination (almost 1 ½ years after the accident). Dr. Meule-man saw no reason that she could not return to doing janitorial-type work.
TRIAL COURT’S FINDING
In its “Reasons for Judgment” the trial court stated that it found that plaintiff had suffered an acute lumbar strain caused by the on-the-job accident on September 8, 1982. The court found that the School Board continued to pay her salary until November 30,1982 and then paid her worker’s compensation benefits until June 30, 1983. The School Board also paid medical bills totaling $7,249.08. The court found that her injury caused her to be temporarily disabled from the date of the accident until March 10, 1983.
In Bordelon v. Ranger Insurance Co., 413 So.2d 962, 965 (La.App. 3d Cir.), writ denied, 420 So.2d 448 (La.1982), we stated:
“The claimant has the burden of proving to a legal certainty and by a reasonable preponderance of the evidence that he is disabled. Whether a workmen’s compensation claimant is suffering pain substantial enough to be disabling is a question of fact to be decided by the trial court on the basis of the preponderance of the medical and lay evidence. Once the trial court has made factual findings as to disability and the length thereof, these determinations are entitled to great weight and are not to be disturbed except upon a showing of manifest error.” (citations omitted).
The trial court here obviously considered the preponderance of the evidence to favor the School Board. The testimony of Drs. Stubbs, Humphries, and Webre indicated that plaintiff had no objective physical problems related to the accident and was able to return to work as of March 10, 1983. Dr. Meuleman treated her almost one year later and also found no evidence of physical problems related to the accident. The only testimony in plaintiff’s favor was her own testimony and that of her husband and son. Dr. Blanda did indicate the possibility of physical problems, but was unable to make a determination without performing a discogram. The preponderance of the evidence clearly favors the School Board. Therefore, we hold that the trial court’s factual findings are not manifestly erroneous.
For the foregoing reasons, the trial court’s decision to dismiss plaintiff’s worker’s compensation claim is affirmed. Costs of this appeal are taxed to plaintiff.
AFFIRMED.