11 DAVID S. GORBATY, Judge.
Plaintiff Troy Mayeaux was employed by Capital Inland Construction Company (Capital), a temporary labor services agency in Chalmette. Capital sent him to a job at Container Enterprises or Containerent. On July 7, 2000, Mayeaux filed a Disputed Claim for Compensation in which he alleged that while welding on July 9, 1999, a welding bead fell into his ear. The injury required surgery to extract the bead. Capital filed an exception of prescription to the claim for compensation. The workers’ compensation judge maintained the exception, and plaintiff appealed.
DISCUSSION:
Louisiana Revised Statute 23:1209(A) provides, in pertinent part, that a claim for workers’ compensation “shall be forever barred unless within one year after the accident or death the parties have agreed upon the payment to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.”
Capital presented evidence at trial that the alleged accident at Containerent could have happened no later than July 2, 1999, which was the last date that Mayeaux actually performed work duties at Container-ent, the only place Capital Rsent him out on a job. Mayeaux conceded that the Con-tainerent job was the only job to which he was assigned. The Capital timesheets that were filled out by Containerent show that the last date Mayeaux recorded any work hours at Containerent was Friday, July 2, 1999.
Mayeaux attempted to call the accuracy of this record into doubt by contending that a calculation to determine his average weekly wage, performed after his claim was filed, showed that he was paid for hours for the pay period starting on Monday, July 5, 1999, and ending on Sunday, July 11, 1999. However, Blake Landry, personnel manager of Capital[1], testified that the workers who were assigned to the Containterent job were paid for the holi *513 day of Monday, July 5, 1999, even though no one worked that day, explaining the plaintiffs pay for eight hours during the period of July 5 to July 11, 1999. Landry said the plaintiffs employment was terminated because Containerent had no more work. A Notice of Separation also indicated that the last date of employment was July 5, 1999. An Employer Report of Injury/Illness introduced into the record showed Mayeaux did not report the injury until May or June 2000. Mayeaux explained that was around the time he went to see a doctor.
Mayeaux testified that he knew he was injured July 9, 1999, because his grandmother marked that day on a calendar. However, Mayeaux could not produce the calendar. He claimed that he reported the incident immediately to his supervisor, Mark Overstreet, and that he was fired the next day. He said that he again reported the injury when he picked up his paycheck at the end of the week. 13He never made a written complaint of the injury because he was “new in the working industry” and did not know the procedures.
Mayeaux testified that he will require additional surgery and that he has permanent discomfort and hearing loss.
In Alexander v. Pellerin Marble & Granite, 93-1698, (La.1/14/94), 630 So.2d 706, 710, the Louisiana Supreme Court set out the applicable standard of review:
The appropriate standard for appellate review is the “manifest error-clearly wrong” standard, which precludes the setting aside of a trial court or jury’s findings of fact unless those findings are clearly wrong in light of the record reviewed in its entirety. Rosell v. ESCO, 549 So.2d 840 (La.1989).
The same standard of appellate review applicable to factual findings of district courts is also applicable to the factual findings of an administrative body or hearing officer. Walters v. Department of Police, 454 So.2d 106 (La.1984); Casse v. Dept. of Health & Hospitals, 597 So.2d 547 (La.Ct.App. 1st Cir.1992); Alfred v. Mid-South Machine, Inc., 594 So.2d 937 (La.Ct.App. 3rd Cir.1992); Courtney and Courtney, Inc. v. Scott, 589 So.2d 78 (La.Ct.App. 2nd Cir.1991); Garcia v. State, Department of Labor, 521 So.2d 608 (La.Ct.App. 1st Cir.1988).
Jurisprudence clearly establishes that in workers’ compensation cases, the appropriate standard of review to be applied by appellate courts is the “manifest error — clearly wrong” standard. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992), citing, Gonzales v. Babco Farms, Inc., 535 So.2d 822 (La.Ct.App. 2nd Cir.), writ denied, 536 So.2d 1200 (La.1988); Rosella v. DeDe’s Wholesale Florist, 607 So.2d 1055 (La.Ct.App. 3rd Cir.1992); Britton v. Morton Thiokol, Inc., 604 So.2d 130 (La.Ct.App. 2nd Cir. 1992); Alfred v. Mid-South Machine, Inc., supra; Key v. Insurance Company of North America, 605 So.2d 675 (La.Ct. App. 2nd Cir.1992); Broussard v. Grey Wolf Drilling Co., 562 So.2d 1006 (La.Ct.App. 3rd Cir.1990); Dixon v. Louisiana Restaurant Ass’n Through Self Insurors Service Bureau, 561 So.2d 135 (La.Ct.App. 3rd Cir.1990); Sinegal v. Louisiana Blasters, Inc., 546 So.2d 308 (La.Ct.App. 3rd Cir.1989); Bordelon v. Ranger Insurance Co., 413 So.2d 962 (La.Ct.App. 3rd Cir.1982); Hookfin v. Schwegmann Bros. Giant Super Markets, Inc., 398 So.2d 1218 (La.Ct.App. 4th Cir.1981); Newell v. United States Fidelity & Guaranty Co., 368 So.2d 1158 (La.Ct.App. 3rd Cir.1979); Butts v. Insurance Co. of North America, 352 So.2d 745 (La.Ct.App. 3rd Cir.1977), writ refused, 354 So.2d 206 (La.1978); Stokes v. Continental Insurance Co., 345 So.2d 1200 (La.Ct.App. 1st Cir.1977).
*514 |4The manifest error — clearly wrong standard must be applied even where the evidence before the trier of fact consists solely of written reports, records and depositions. Virgil v. American Guarantee and Liability Ins. Co., 507 So.2d 825 (La.1987); France v. A & M Wood Co., 566 So.2d 106 (La.Ct.App. 2nd Cir.1990).
In this case, Mayeaux put forth his own testimony that the incident happened on July 9, 1999, but gave no explanation of how he knew it was that date, except that his grandmother had marked it on a calendar that was not produced. He attempted to argue that since the Capital job was his first job, the injury had to have happened while he was in its employ. The plaintiffs grandmother, Ruth Mayeaux, signed an affidavit to the effect that she remembered the date and marked it on the calendar. Other evidence produced by Mayeaux was a report from the Medical Center of Louisiana dated May 25, 2000, on which was written “nineteen year old white male had welding spark in left ear since one year ago,” and an operative report from the Medical Center of Louisiana dated July 7, 2000, which stated “Troy is a nineteen year old white male with a history of having a welding flag’s injury to the left ear several years ago.” The plaintiff did not produce a contemporaneous report of the accident.
Capital, on the other hand, produced Mayeaux’s timesheet that did not reflect that he worked on July 9, 1999. Capital also produced testimony that Mayeaux had been terminated prior to July 9.
We cannot say that the workers’ compensation judge was manifestly erroneous or clearly wrong. As was stated in the judgment, the trial judge considered “the evidence and the credibility of the witnesses,” and determined that the plaintiff failed to “carry his burden of proof that he was injured within the course and scope of employment on July 9, 1999.”
| ¡Although Mayeaux argues that the accident did in fact happen while he was employed by Capital, he failed to carry his burden that within one year after the accident the parties agreed upon the payment to be made, or within one year after the accident he filed a formal claim. The workers’ compensation judge correctly maintained the exception of prescription.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.

. Landry was not the personnel manager of the Chalmette office at the time of the accident.