JULIAN E. BAILES, Judge Pro Tem.
The merits of this case, through which relator has made application for writs, involves an action wherein plaintiffs seek damages for the alleged wrongful death of their daughter at a grade crossing collision between the vehicle driven by plaintiffs’ daughter and an Illinois Central Gulf train.
After a partial trial of the merits on March 18, 1975, the court and the parties agreed that the testimony of the remaining witnesses would be taken by deposition.[1] One of the remaining witnesses whose testimony was sought by defendant railroad was Mr. Neal M. Wright. After eliciting his testimony on direct examination, this witness was tendered to plaintiffs’ counsel for cross-examination. During the cross-examination of Mr. Wright, plaintiffs’ counsel asked him a question which relator’s counsel considered objectionable and the witness was instructed not to answer. Thereupon, plaintiffs’ counsel stated to those present that he was adjourning the deposition to seek a court order directing the witness to answer the question.
Thereafter plaintiffs did file a rule directed to defendants to show cause why the said witness should riot be compelled to answer the question and why defendants should not be taxed with all costs of these proceedings, including reasonable attorney’s fees.
After hearing on the rule, the trial court ordered that plaintiffs are “permitted to pursue the line of questioning which was being attempted but to which objection was made by trial attorney for defendants in rule and deponent Neal M. Wright is ordered to answer such questions.” Further, the trial court condemned defendants to pay all court costs incident to the summary proceeding, including an attorney’s fee in favor of plaintiffs’ attorney in -the principal sum of $500, with legal interest thereon from date of judicial demand until paid.
*520 The relators made application to this court for supervisory and remedial writs of certiorari, prohibition and mandamus, contending that such judgment of the trial court was in the nature of a contempt judgment from which no appeal is available and that relators would suffer irreparable injury unless this court exercised its supervisory jurisdiction.
On October 20, 1975, this court issued an alternative writ of mandamus commanding the trial court to recall the judgment dated September 18, 1975, assessing attorney fee in favor of plaintiffs’ attorney and against relator herein in the amount of $500, or for the trial judge and the respondents, Clyde Watson and Marjorie Watson, to show cause why this writ should not be made peremptory.
The alternative was exercised by respondents and a writ of certiorari issued directing that the record herein be sent to this court to the end that the validity of the proceedings may be ascertained. All further proceeding against relators in the trial court were stayed and suspended.
We are concerned herein only with the propriety of the trial court awarding the plaintiffs’ counsel an attorney’s fee of $500 in the summary proceedings. .
Specifically, the issue before us is whether, in the taking of evidence by deposition for completion of a trial, a party who instructs a witness not to answer a question which such party believes is objectionable, is liable for reasonable expenses, including attorney’s fee, incurred in obtaining an order compelling the deposed witness to answer the propounded question. Insofar as we can determine this issue is res novo.
It cannot be seriously contended that the testimony sought was for discovery purposes or that the instruction of relators’ counsel to the witness being deposed was within the purview of C.C.P. Article 1511. By its terms, Article 1511 covers the taking of a discovery deposition and is limited in its application to pretrial production of evidence. In the rule respondents herein sought an order to force the witness to answer the question and to recover costs and attorney’s fee under Article 1511. The provisions thereof do not apply to the instant situation.
Respondents argue in their brief that C.C.P. Article 1454 empowers the trial court to award attorney’s fee as it did herein.
Our consideration of Article 1454 leads us to conclude that LSA-C.C.P. Article 1454 controls the issue. This Article, inter alia, provides a procedure whereby an aggrieved party, such as plaintiffs, may seek a protective order of the trial court to either limit or suspend the examination.
For Article 1454 to be available to either a party or the deponent, there must be a showing that the examination was being conducted in bad faith, or in such manner as unreasonably to annoy, embarrass or oppress the deponent or party. If such a showing is made the court is empowered to issue such order as is necessary to correct the abuse. The court may order the officer conducting the examination to cease the taking of the deposition, or it may limit the scope and manner of the taking of the deposition as provided in Article 1452. This Article provides the means for limiting or ceasing an overly broad interrogation of a witness by either the witness or the party aggrieved by such examination. And, as in the instant matter, the court may issue an order directing the witness to answer the question asked by plaintiffs’ counsel.
Under the provisions of C.C.P. Articles 1426 and 1429, relators were fully protected.by an overly broad examination or cross-examination insofar as the competency, relevancy or materiality of such testimony is concerned. With the relators fully protected by these codal provisions, we deem it oppressive to plaintiff-respondents for relators’ counsel to instruct the *521 witness not to answer the question he thought objectionable. This unreasonably provoked the suspension of the deposition. Under LSA-C.C.P. Article 1454, the court was empowered to impose upon the relators the obligation of paying the cost of filing the motion and a reasonable attorney’s fee. Cf., Brasseaux v. Girouard, 214 So. 2d 401 [410-411] (La.App. 3rd Cir. 1968), writs refused 253 La. 60, 216 So.2d 307.
Accordingly, for the foregoing reasons the writ heretofore issued is recalled, annulled and set aside. All court costs are assessed against relators.
Writ recalled.

. The deposition in question was for completion of the trial.