DUFRESNE, Judge.
This is an appeal by Winn-Dixie Louisiana, Inc., defendant-appellant, from a judgment awarding workman’s compensation benefits to John C. Warner, plaintiff-appel-lee. Warner has answered the appeal seeking penalties and attorney fees for arbitrary and capricious denial of benefits. Because we find no error in the decision of the trial court, the judgment is affirmed.
FACTS
For four years before the accident which gave rise to this suit, John Warner was employed by Winn-Dixie as a fork lift operator. His supervisor testified that this job required extensive lifting, bending and stooping because as part of his duties Warner had to hand load and unload pallets with cartons of canned goods and other grocery items. He also stated that Warner was a reliable and efficient employee. On May 24, 1983, as Warner was unloading cartons of canned fruit from a pallet he felt a sharp pain in his lower back radiating down into his left leg. There is no dispute that this injury occurred and that it was work related.
Shortly after the accident, Warner was treated at East Jefferson Hospital and discharged. He was treated as an outpatient for a few weeks by Dr. Espenan who regularly treats Winn-Dixie employees, but continued to complain of back pains. He was then referred by Dr. Espenan to Dr. Mí-meles, an orthopedic specialist, for further testing on June 15th. A CAT scan was done and Dr. Mímeles concluded from the results of that test as well as his examinations of Warner that he had suffered a soft tissue injury. He further determined that Warner could return to work as of June 29, 1983. On the basis of this report, compensation benefits were terminated on July 10th.
Warner returned to work briefly, but on July 18th, he sought further treatment from Dr. Watermeier, an orthopedic surgeon, for continuing back pains. After further testing and monthly visits between July and November, this physician concluded that Warner was suffering from a problem at the L4-L5 vertebral space, and suspected a herniated disc. He also diagnosed a possible nerve irritation at the S1-L5 level. In his opinion, Warner was still not capable of returning to his job as of December 5, 1983.
During these same months, Warner had also been seen again by Dr. Mímeles, once in August and again in December. Dr. Mímeles reported to Winn-Dixie on January 10, 1984, that he still could not find any objective evidence of injury, and that in his opinion Warner could return to work. For reasons not appearing in the record, Winn-Dixie resumed compensation benefits on January 11, 1984.
It appears from the record that because of this conflicting medical evidence, the trial court ordered an examination by a third disinterested physician in December, 1983. Dr. Connolly, a neurosurgeon, was agreed upon by the parties, and saw Warner on January 19, 1984. After testing and examination, Dr. Connolly diagnosed Warner’s condition as sciatica, a pain syndrome associated with irritation of the sciatic nerve at about the L-5 level of the back. After a second visit on February 29th, this doctor concluded that the reduced level of pain on that day indicated the condition was resolving itself and that Warner could return to work. He further stated, however, that if the job required frequent stooping, bending and lifting, that Warner would be better off doing something else, and that this work restriction would be permanent.
*790 Warner also saw Dr. Watermeier on December 16, 1983, and February 3rd and March 2nd, 1984. Because of Warner’s complaints of persisting pain Dr. Water-meier continued in his diagnosis of lumbar disc syndrome, possibly involving a ruptured disc. He was of the opinion that Warner should not perform any lifting, bending or stooping. He also stated that without further treatment, and possibly surgery, that the pain would persist and he would not be able to work.
At trial, Warner testified that his back and leg pains are persisting and that his physical activities are now severely restricted. This testimony was corroborated by Eloise Moore, the woman with whom he lives. All of the medical testimony was received by way of depositions.
After hearing and reviewing all of the testimony and evidence, the trial judge concluded that Warner is permanently, partially disabled, and awarded compensation benefits. Winn-Dixie now appeals.
Winn-Dixie’s basic allegation here is that Warner did not prove his case by a preponderance of the evidence. We disagree. While there was certainly conflicting medical evidence, we find that Warner bore his burden of proof.
In his reasons for judgment, the trial judge relied on the well settled rule that in workman’s compensation cases the opinion of a treating physician is to be accorded greater weight than that of a doctor who has not had the benefit of repeated examinations and sustained observation of the injured worker, Irvin v. Sentry Insurance Co., 415 So.2d 467 (La.App. 1st Cir.1982). Dr. Watermeier was of the opinion that Warner was still suffering from a lumbar back problem that caused considerable pain and prevented him from working at his job. We find nothing erroneous in giving greater weight to this opinion, and making a disability finding based upon it, Carter v. Pitt Grill, Inc., 425 So.2d 375 (La.App. 3rd Cir.1982). We also point out that Watermeier’s opinion was at least partially corroborated by Dr. Connolly who stated that Warner would be better off doing some other kind of work. We finally note that both Warner and Eloise Moore testified that his pain is continuing and that his physical activities are seriously limited. Given the totality of the evidence, it is clear to this court that Warner bore his burden of proving his case.
The remaining issue before us is whether Winn-Dixie was arbitrary and capricious in failing to pay benefits between July 10, 1983, and January 11, 1984. We agree with the trial court that they were not. The record shows that benefits were terminated on July 10, 1983, because Dr. Mimeles stated that Warner could return to work. Upon receipt of information that Warner’s problem was continuing, Winn-Dixie referred him to Dr. Mimeles in August and again in December of 1983. On both occasions, this physician advised that he could find no problem with Warner’s back and that in his opinion he could return to work. We, like the trial court, find nothing arbitrary in an employer denying benefits on the basis of updated medical reports from its consulting physician.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.