BRUNSON, Judge.
The issues on this appeal are whether the trial judge erred in applying the standard of proof as to the plaintiff-appellant’s disability such that he erred in not finding her temporarily, totally disabled through the trial date, and whether he erred in failing to assess penalties and attorney’s fees against the defendants-appellees for the cessation of compensation payments.
The plaintiff-appellant, Theresa Guillory, was a 31-year old Eunice resident at the time of trial. She was injured during the course of her employment with the Southwest State School. The school is a state agency engaged in the care and training of mentally handicapped children.
The plaintiff-appellant’s injury occurred on May 26, 1981, while she was engaged in assisting certain of the students to bathe and dress themselves. One student, by the name of Marlene, pushed or hit the plaintiff-appellant, causing her to fall. Being in her fifth month of pregnancy at the time, Mrs. Guillory visited Dr. Segura, her obstetrician, the same day. Dr. Segura referred her to Dr. Mayer, an orthopedist, who initially diagnosed the injury as a lumbar strain.
Mrs. Guillory gave birth to a healthy baby September 1st, 1981, and in October she saw a Dr. Joseph George, who treated her for lumbosacral strain. Dr. George referred her to Dr. Louis Blanda, an orthopedist, in May of 1982. During his treatment of Mrs. Guillory from May 17, 1982 until April 27th, 1983, he performed a mye-logram, which result was normal.
Dr. Blanda referred Mrs. Guillory to Dr. Domingue, a neurosurgeon, for an examination as to complaints concerning her right wrist. At the time of trial, Mrs. Guillory wore a wrist brace prescribed by Dr. Domingue. Mrs. Guillory last saw Dr. Blanda in the spring of 1983 and, except for examination for the purpose of litigation, she has not been seen by a doctor for the problems since.
The State, as its own compensation carrier, paid Mrs. Guillory worker’s compensation benefits for temporary total disability in the amount of $135.00 per week from May 27, 1981, the day after her injury, through April 15, 1983. As such, the State also paid medical benefits and hand expenses.
As a result of the termination of these payments in April of 1983, Mrs. Guillory filed her petition for workmen’s compensation benefits on May 27, 1983, seeking benefits for the balance of her lifetime, or as justified under the Workmen’s Compensation Law, and for penalties and attorney’s fees for the defendants’ arbitrary and capricious refusal to pay benefits.
At the trial sub judice, the trial judge found to his satisfaction that the plaintiff-appellant suffered injury to her back due to a push by a student, and that the injury *1197 was disabling so as to prevent her from her job or any other gainful occupation for wages for which she was particularly fitted by reason of education, training or experience. The judge also found to his satisfaction that plaintiff-appellant developed carpal tunnel syndrome. Thus, the principal, issues centered on the duration of disability attributable to the back injury and the causal relationship between the incident and the development of carpal tunnel syndrome.
Due to the lack of objective evidence to prove disability due to the back injury and the failure of lay testimony to bolster the claim, the trial judge held that the plaintiff-appellant failed to establish the disability by a preponderance of evidence. Similarly, the trial judge held that the plaintiff-appellant failed to establish, by a preponderance of the evidence, a causal connection between the carpal tunnel syndrome and the incident causing the back injury. Accordingly, he granted judgment for the defendants-appellees, dismissing the plaintiff-appellant’s suit, and made an award of $200.00 in damages to the defendants-ap-pellees and against the plaintiff-appellant for the unjustified abortion of discovery for the cessation of the plaintiff’s discovery deposition.
On this appeal, the plaintiff-appellant raises three assignments of error. The court treats them as follows:
ASSIGNMENT OF ERROR NUMBER 1:
In this assignment, the plaintiff-appellant contends that the trial judge applied the wrong standard of proof in assessing the degree and duration of the disability. This assignment no doubt stems from the judge’s reasons for ruling. Therein the trial judge states: “This court is of the opinion that the rule of ‘clear and convincing evidence’ ... is applicable to the principle issue in this case concerning the plaintiff’s back disability”.
In adopting this position, the trial judge cited a line of cases, among them, Crochet v. American Tobacco Co., So.2d 1330 (La.App. 3rd Cir.1981); Soileau v. Bituminous Casualty Corp., 348 So.2d 1313 (La.App. 3rd Cir.1977); and Alfred v. Travelers Ins. Co., 322 So.2d 872 (La.App. 3rd Cir.1975), for the proposition that “concerning the standard of proof to be applied to accidents where only the testimony of the claimant is submitted ... proof must be by ‘clear and convincing evidence’ ”.
We do not agree with the trial judge that this is the proper standard of proof as to the assessment of disability once the causal relationship is proved and there is medical and lay testimony present. The cases are now legion, among them, Crooks v. Belden Corp., 334 So.2d 725 (La.App. 3rd Cir.1976); Sensley v. Aetna Casualty & Surety Co., 269 So.2d 473 (La.App. 1st Cir.1972); and Guillory v. New Amsterdam Casualty Comyany, 244 La. 225, 152 So.2d 1 (1963), which hold that a plaintiff in a workmen’s compensation case must bear the same burden of proof as is required in other civil cases, that is, the plaintiff must establish his claim to a legal certainty, meaning, by a reasonable preponderance of evidence.
While it is true that there are cases, Soileau, Alfred and Crochet, supra, among them, that apply the “clear and convincing” standard, such cases have generally applied this standard in situations in which there is a question as to the causal connection and in which only the testimony of the plaintiff is submitted to establish the claim.
The circumstances before us are different, the trial court, sub judice, had before it, the plaintiff’s testimony, lay testimony, expert testimony and other medical evidence. Thus, the following quote from the Louisiana Supreme Court in Tantillo v. Liberty Mutual Insurance Comyany, 315 So.2d 743, 748-49 (La.1975), makes it clear that the court is not here relegated to considering the sole testimony of the plaintiff-appellant.
“It is generally true that medical testimony which is not in conflict cannot be overcome by lay testimony. Nevertheless, in every case it is the totality of the evidence, medical and lay, which must be examined by the court in making its determination of whether to grant an *1198 award for disability. Great weight, almost to the point of exclusion of other evidence, is given to uncontradicted medical evidence which is directed toward a complex scientific question. However, in all cases, it is the judge’s function to determine the weight which is to be accorded the medical testimony as well as the lay testimony. Lay testimony has great probative value in establishing certain facts, such as the existence and location of pain and the actual ability or inability of a claimant to perform certain physical functions or to pursue his regular employment. See Larson, supra, at [Sec.] 79.53. We conclude that lay evidence must be weighed with consideration for the medical fact to be established, of the conclusiveness and validity of the medical evidence and the materiality, relevance and reliability of the particular lay evidence, according to its focus, foundation and its source.” (Emphasis added.)
Yet, in his reasons for ruling, the trial judge stated in the case before this court, the following:
“The court finds that the plaintiff’s testimony is not corroborated by sufficient facts and circumstances; consequently, her evidence does not objectively prove disability to her back by a preponderance of the evidence.” (Emphasis added.)
This statement indicates that the trial judge applied the proper standard of proof.
Too, in our review on this appeal, we subject the plaintiff-appellant’s evidence to a standard of reasonable preponderance. Thus, although we find error in the trial judge's statements, with respect to the clear and convincing standard, such error is harmless and not reversible.
ASSIGNMENT OF ERROR NUMBER 2:
The plaintiff-appellant next assigns as error, the trial judge’s failure to find the plaintiff-appellant temporarily disabled through the trial date. One coming to this court on such a contention must bear a heavy burden for the authorities are clear on the point that once a trial court has weighed the evidence and made a factual finding as to employment related injuries and resulting disability, the finding will not be disturbed on appeal, save for proof that the trial judge was manifestly in error or clearly wrong. Fontenot v. Cagle Chevrolet, Inc., 417 So.2d 1338 (La.App. 3rd Cir.1982), writ denied, 421 So.2d 1125 (La.1982); Carter v. Pitt Grill, Inc., 425 So.2d 375 (La.App. 3rd Cir.1982); Guidry v. Ford, Bacon and Davis Const. Corp., 376 So.2d 352 (La.App. 3rd Cir.1979); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Applying the preponderance of the evidence standard to the evidence before the trial judge, we detect no manifest error in his findings. We see nothing to indicate that he was clearly wrong. Based upon the record before him, the trial judge ably surmised the medical evidence as follows:
“Plaintiff was first treated for her back injury on May 26,1981 by Dr. Segu-ra, a general practitioner, who had been caring for the plaintiff during her pregnancy, which was not complicated by the incident at the school. He never diagnosed plaintiff’s back condition and referred her to Dr. Mayer, an orthopedic surgeon.
Dr. Mayer, who saw plaintiff on June 10, 1981, found that plaintiff suffered from a mild lumbar strain that would resolve itself in a few weeks, and he found no evidence of disc herniation or nerve root compression.
Dr. Joseph George, another general practitioner, who saw plaintiff from September 25,1981 until May 14,1982, treated her for a lumbosacral strain. In March 1982, plaintiff complained for the first time of pain and numbness in her arms and hands. He then referred her to Dr. Louis Blanda, an orthopedic surgeon.
Dr. Blanda saw plaintiff for the first time on May 17,1982 and he continued to treat her until April 27, 1983. He also diagnosed plaintiff's back condition as a ‘strain’. He treated her conservatively for that condition. During his treatment, *1199 plaintiff complained to him of pain and numbness in her arm, leg and foot. He referred her to Dr. Domingue, a neurosurgeon, and it was at that time that a diagnosis of carpal tunnel syndrone [sic] of the right wrist was made. The iteolo-gy [sic] was idiopathic and he did not feel that it was related to the accident with the child at the school.
A myleogram was performed at the instance of Dr. Blanda and its results were normal.
Dr. Domingue could find nothing wrong with plaintiffs nervous system, but he did find some evidence of a carpal tunnel syndrone [sic] in the right wrist. He prescribed a wrist splint. He observed that the possible cause of he [sic] carpal tunnel syndrone [sic] was her recent pregnancy.
An examination by Dr. Frazer Gaar, an orthopedist, was also negative for any back problems.”
Indeed, there was at least some indication of on-going disability on the part of the plaintiff-appellant. Her- own testimony, along with that of Mary Allison, a close friend, was to the effect .that the plaintiff-appellant remains limited in her activities due to back pain. Additionally, Dr. Blanda, in his deposition, testified that, based upon Mrs. Guidry’s subjective complaints, she still suffers with her back. He opined that he would like to see a CT scan done, although one was not done originally due to the inability of the apparatus to function under Mrs. Guidry’s weight.
However, this evidence was before the trial judge. Thus, under 23:1317 and the authorities cited herein, it was incumbent upon him to find, based upon the circumstances, whether the claim was proved with competent evidence by a reasonable preponderance. His having done so, our inquiry is merely whether the record bears such evidence so as to make his determination reasonable and not clearly wrong.
Having found ample evidence in the record for the trial judge’s conclusion, we find no merit in this assignment of error with respect to the back injury.
The trial judge also considered the plaintiff-appellant’s development of carpal tunnel syndrome and its effect on the question of disability. Ultimately, he found that Mrs. Guidry failed to establish the causal connection between the condition and the original incident. While the fact that the plaintiff gave inconsistent versions of how she fell during the incident apparently had some bearing on this finding, more important is the trial judge’s summary of the medical evidence as to the carpal tunnel syndrome as follows:
“From the date of the accident at the school on May 25, 1981 until the plaintiff complained to Dr. Segura in March of 1982 of pain in her wrist, there were no other manifestations of the carpal tunnel syndrone [sic]. The several physicians expressed their opinions as follows: Dr. Mayer — Carpal tunnel syndrone [sic] may take several months after trauma to develop; Dr. Blanda — Carpal tunnel syn-drone [sic] may take several months to develop after trauma; Dr. Gaar — It is uncommon for carpal tunnel syndrone [sic] to manifest itself nine months after trauma; Dr. Domingue — discovered the carpal tunnel syndrone [sic], and was of the opinion that trauma was not an adequate explanation ... because trauma is not the usual cause; and Dr. George — It is not uncommon for carpal tunnel syndrone [sic] to be trauma related.
As to the possible cause of the carpal tunnel syndrone [sic] the several physicians gave the following opinions: Dr. Segura — he was not asked; Dr. Mayer— he was not asked; Dr. George — he noted it was common in women between 30 and 40, could be trauma related, but could not say that the incident at the school was the probable cause; Dr. Blanda — he was not asked; Dr. Gaar — he stated trauma can be a cause, it is more common in women than men, and obesity can cause it; Dr. Domingue — he only ruled out trauma as the cause.” (Emphasis added.)
*1200 As with the issue surrounding the back injury, this court must give great deference to the trial judge’s findings regarding the development of carpal tunnel syndrome and we are bound not to disturb the finding unless it is simply clearly wrong. Arceneaux, supra; Fontenot, supra; Carter, supra; Guidry, supra. We thus determine that the record bears ample evidence to justify his findings. He is not clearly wrong.
Accordingly, we find no reversible error in this assignment.
ASSIGNMENT OF ERROR NUMBER 3:
The plaintiff-appellant finally assigns as error, the failure of the trial judge to award penalties and attorney’s fees under the provisions of R.S. 23:1201(E) and 1201.2.
Section 1201.2 of the mentioned title provides for the payment of reasonable attorney’s fees for the prosecution and collection of claims if the discontinuation of payments are found to be arbitrary, capricious and without probable cause. The trial judge did not so find.
As with the other issues in this case, and bolstered by the numerous authorities cited, our review is limited to the question of whether the trial judge was clearly wrong in not making such a finding — that is, whether the record is so devoid of evidence negating such a finding so as to lead to a conclusion of manifest error.
Based upon our analysis of the testimony of Mr. Garrothe LeJeune, the trial judge accurately summarized as follows:
“Mr. LeJeune was a claims supervisor for the Division of Administration who handled and processed plaintiffs claim.
He identified certain documents, marked D-4, as the reports he relied upon to terminate the plaintiff’s compensation benefits. He testified that the reports indicated plaintiff could return to work. But when Mr. LeJeune was questioned about Dr. Blanda’s report of March 1983 which did not make a positive statement about plaintiffs ability to work, he stated that part of the claim had been handled by a 'Bob Caldwell’ of United Adjusters, and all reports went to Caldwell, and he sent the reports to Le-Jeune. In any event, LeJeune stated that he did not check with Dr. Blanda to see if plaintiff had been discharged before terminating plaintiffs benefits. Le-Jeune said he considered the totality of all the reports in reaching a decision to terminate the benefits, and Dr. Blanda's report did play a part in the decision.”
The Louisiana Supreme Court in the case of Martin v. H.B. Zachry Co., 424 So.2d 1002, 1008 (La.1982), wrote as follows:
“This section [R.S. 23:1201.2] is penal in nature and must be strictly construed. A termination of compensation will not be held to have been arbitrary or capricious where the insurance carrier bases its decision to terminate on competent medical evidence. The examinations of Dr. Brent and Dr. Jackson revealed no ruptured disc. Based on the best medical advice available at the time, Employers rightfully determined that Martin was not disabled when released ...” [Citations omitted.]
Similarly, as we have stated in the case before this court, the trial judge found that the plaintiff-appellant provided no competent objective medical evidence of continuing injury to her back. The same evidence was reviewed by the representative of the defendants-appellees.
More importantly, we have found no manifest error in the trial judge’s conclusion that there was no further entitlement to compensation. Surely then, in this case, law would not countenance the award of attorney’s fees for the prosecution of a cause that reaps no fruit.
Too, with respect to penalties, R.S. 23:1201(E) contemplates a situation in which there is compensation due upon which a penalty can be assessed. Similarly then, the statute would not be applicable where there is a proper finding that no compensation is due.
Accordingly, we find no merit in this assignment of error.
*1201 ATTORNEY’S FEES FOR ABORTING DEPOSITION
The trial judge awarded defense counsel $200.00 in attorney’s fees for the unjustified cessation of the deposition of the plaintiff-appellant by her counsel. The plaintiff-appellant neither assigned nor briefed this matter as error.
On review then, we are limited whether there is error patent on the face of the record with respect to this award. We detect none. See C.C.P. Articles 1444; 1455 and 1469 and Watson v. Illinois Central Gulf R.R., 327 So.2d 518 (La.App. 1st Cir.1976), writ denied, 329 So.2d 760 (La.1976); Brasseaux v. Girouard, 214 So.2d 401 (La.App. 3rd Cir.1968), writ denied, 216 So.2d 307 (La.1968).
For all of the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.