I THIBODEAUX, Judge.
In this workers’ compensation action, the defendant, Louisiana Pacific Corporation, appeals the judgment of the Office of Workers’ Compensation that Louisiana Pacific did not reasonably controvert its failure to approve medical treatment by a referred physician. The hearing officer assessed penalties and attorney fees in the amounts of $2,000.00 and $5,000.00, respectively.
For the following reasons, the judgment of the Office of Workers’ Compensation Office is affirmed.
I.

ISSUE

We shall consider whether the hearing officer erred in assessing penalties and attorney fees against Louisiana Pacific Corporation for failing to approve medical treatment and after finding that the claimant did not suffer a compensable, work-related condition.
*546 II.

FACTS

Darrell Benandi began suffering from what he believed was asbestos-related exposure while employed by Louisiana Pacific Corporation (hereinafter “Louisiana Pacific”) at its Urania, Louisiana facility in 1996. He eventually stopped working for Louisiana Pacific after his symptoms persisted. Test results proved Benandi had no asbestos-related disease at that time. Benandi later complained of pulmonary and breathing problems. He was subjected to several tests which returned negative results. His treating physician, Dr. Thomas Callender of Lafayette, 12Louisiana, referred Benandi to Dr. Richard Fei, a pul-monologist. Dr. Fei concluded there was no evidence of asbestos damage to Benan-di’s lung. Benandi then demurred that he was having trouble sleeping. He sought treatment from a sleep expert, Dr. Robert Martinez, who was referred by Dr. Callen-der. In November 1997, Dr. Martinez opined that Benandi’s symptoms were most compatible with obstructive sleep apnea and he might also have a component of shift worker sleep disorder.
Benandi’s sleeping problems lingered. In November 1998, Dr. Callender again referred Benandi to Dr. Martinez; however, Louisiana Pacific refused to authorize the treatment.[1] Louisiana Pacific defended its refusal by contending that Benandi was to be evaluated by its choice of physicians.
Benandi’s medical records were then sent to Dr. William J. Nassetta, an occupational physician who was Louisiana Pacific’s choice of doctors. Dr. Nassetta examined Benandi on November 19, 1998 and expressed that there was suggestive evidence for asbestos-related disease and that Benandi’s pulmonary and lung functions were within normal limits. Dr. Nassetta acknowledged that Benandi had a shift work type of syndrome.
Benandi was never allowed additional evaluation by Dr. Martinez.
On September 24, 1999, a trial on the merits was conducted. The Office of Workers’ Compensation judge found Be-nandi did not suffer from an injury or an occupational disease arising out of the course and scope of his employment at Louisiana Pacific. The judge, however, did find that Louisiana Pacific’s refusal to authorize Dr. Martinez’s treatment of Be-nandi was arbitrary and capricious. Thus, the judge awarded Benandi penalties of $2,000.00 and attorney fees of $5,000.00.
^Louisiana Pacific appeals this judgment.
III.

LAW AND DISCUSSION

Standard of Review
The appellate court’s standard of review in a workers’ compensation case is governed by the manifest error or clearly wrong standard. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992). This standard precludes setting aside a trial court’s or a jury’s finding of fact in absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987); Rosell, 549 So.2d 840; Stobart, 617 So.2d 880. The reviewing court is compelled to review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. Id. The Supreme *547 Court has emphasized that it is crucial that the reviewing court keep in mind that “if the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990).
Awarding of Penalties and Attorney Fees
Louisiana Pacific contends the workers’ compensation judge erred in finding that the corporation was arbitrary and capricious in failing to approve medical treatment by Dr. Martinez for Benandi. According to Louisiana Pacific, this Lfallacious finding led to an unsubstantiated award to Benandi in the amounts of $2,000.00 in penalties and $5,000.00 in attorney fees after finding that he had failed to meet his burden of proving an accident within the course and scope of his employment. We disagree.
Watson v. Amite Milling Co., Inc., 560 So.2d 902, 906 (La.App. 1 Cir.), writ denied, 567 So.2d 614 (La.1990), observed:
[G]iven the facts, medical and otherwise, known to the employer or his insurer, did the employer or insurer have a reasonable basis to believe that medical expenses and compensation benefits were not due the employee, [sic] Stated another way, did the employer or his insurer have sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant, [sic]
(Emphasis added)
An award of penalties and attorney fees depends on the facts known to the employer at the time of its action. Redman v. Labor Express, 96-228 (La.App. 3 Cir. 10/9/96); 688 So.2d 1118. Workers’ compensation law provides that an employer may reasonably controvert a disputed claim for medical benefits based on competent medical evidence. La.R.S. 23:1201(F)(2). An “employer must rely on competent medical advice when the decision to deny medical treatment is made.” Harrington v. Coastal Const. & Eng’g, 96-681, p. 3 (La.App. 3 Cir. 12/5/96); 685 So.2d 457, 459 (emphasis in original). Our review of the record reveals that at the time of denial, Louisiana Pacific did not have sufficient factual and medical information to warrant refusal of Dr. Martinez’s medical treatment after Dr. Callen-der’s second referral.
At the time Dr. Callender was treating Benandi, it was undisputed that he was involved in an accident within the course and scope of his employment; ^Louisiana Pacific provided medical treatment for Be-nandi, which included visits to Drs. Fei and Martinez. For this reason, we find it troubling that Louisiana Pacific would deny Dr. Callender’s second referral of Dr. Martinez for additional testing, particularly in the absence of medical evidence which would have warranted a denial of further examination. It is notably peculiar that Louisiana Pacific paid to have a hepatitis screen conducted after the company refused treatment by Dr. Martinez.
A worker’s compensation claim is “reasonably controverted,” precluding imposition of penalties, if the employer had sufficient factual and medical information upon which to base a decision to reduce or terminate benefits. Foster v. Liberty Rice Mill, 96-438 (La.App. 3 Cir. 12/11/96); 690 So.2d 792. The record unmistakably shows there was no medical evidence to reasonably controvert Benandi’s right to medical benefits. In a letter dated August 26, 1998 from Chantel Beard, a rehabilitation consultant, Dr. Nassetta was asked to review Benandi’s medical records to render his professional opinion as to whether Benandi’s injuries were work-related. Another letter from Chantel Beard, dated October 22, 1998, stated that additional medical records which had been inadvertently omitted from the previously provided records were enclosed with the letter. *548 This letter also informed Dr. Nassetta that Benandi had been scheduled for an office visit with him on November 12, 1998 at 9:00 a.m. Upon his review of the records and after a complete evaluation, Dr. Nas-setta was invited to give his opinion on whether Benandi’s injury was related to his occupation. Sometime between August 26 and October -22, before his evaluation of Benandi, Dr. Nassetta rendered an opinion to Chantel Beard. His opinion was prefaced by the fact that it was limited because he had neither spoken to nor examined Benandi. Dr. Nassetta summarized Be-nandi’s condition as having no objective evidence for disease related to exposure in the workplace at that time; RBenandi’s complaints were subjective and, in Dr. Nassetta’s opinion, not related to his occupation. On November 19, 1998, after Dr. Callender’s referral of Dr. Martinez, Dr. Nassetta completed an independent medical examination on Benandi. In his report dated December 21, 1998, the doctor concluded Benandi’s exhaustion was most likely related to his shifting work schedule. He also opined that it was imperative that Benandi undergo further testing to elucidate the cause of the significantly elevated liver function tests. Dr. Nassetta testified via deposition that Benandi would need “ongoing testing.” In his assessment, Dr. Nassetta agreed Benandi was having sleeping problems and believed it was appropriate for Benandi to be evaluated. Additionally, the doctor agreed with Dr. Callender’s request to send Benandi back to Dr. Martinez; it was not unreasonable to send Benandi to a sleep specialist. What is exceptionally noteworthy is that Dr. Nassetta concluded that a second evaluation by Dr. Martinez would have been valuable in enabling him to make a valid assessment of Benandi’s condition.
Despite Dr.,. Nassetta’s. professional opinion, Louisiana Pacific steadfastly refused to reconsider Dr. Callender’s second referral.
A letter dated March 4, 1999 from Chantel Beard was written to Dr. Nas-setta asking him to render his opinion regarding his findings of whether Benan-di’s illness was job-related. The doctor’s response to this letter stated, “there is suggestive evidence for asbestos-related disease, however, this requires further investigation.” He furthered his opinion by asserting, “[I] do not believe that he has had the opportunity for a complete work-up of his problems .... ” At the time of these communications, Louisiana Pacific had yet to authorize additional treatment from Dr. Martinez.
17Louisiana Pacific unreasonably denied Benandi further testing by Dr. Martinez. Dr. Callender, Benandi’s treating physician, and the corporation’s own physician, Dr. Nassetta, needed additional information in order to render complete and accurate diagnoses. Louisiana Pacific, and other employers, cannot, without sufficient reason, pay for a claimant to visit some doctors and not others. This applies, in particular, to situations we find in this case; the second referral for Dr. Martinez was given before Dr. Nassetta had been scheduled to evaluate Benandi.
It is evident after reviewing the record that Louisiana Pacific did not have sufficient factual and medical information to justify denying additional testing by Dr. Martinez. It appears Louisiana Pacific’s refusal to allow further testing by Dr. Martinez stemmed from its subsequent belief that no accident occurred on the job site. The corporation, during its cross-examination of Benandi, alluded that Benan-di was complaining of a job-related illness only because he had a vendetta against Louisiana Pacific. We find no credence in this. Thus, we find no manifest error in the workers’ compensation judge’s decision to award Benandi attorney fees and penalties. Benandi’s claim was not reasonably controverted.[2]
*549 Louisiana Pacific’s reliance upon Guillory v. State, 486 So.2d 1195 (La.App. 3 Cir.1986) and Hunt Plywood, Inc. v. Estate of Davis, 26,161 (La.App. 2 Cir. 10/26/94); 645 So.2d 248, unit denied, 94-2871 (La.1/27/95); 649 So.2d 388 is unpersuasive. These cases, which are the only cases applied in the corporation’s argument, pertain to indemnity benefits, not medical benefits which were at issue here.
JiV.

CONCLUSION

For the reasons assigned, we affirm the judgment of the Office of Workers’ Compensation awarding Darrell Benandi a penalty of $2,000.00 and attorney fees in the amount of $5,000.00.
Costs of this appeal are assessed to Louisiana Pacific Corporation.
AFFIRMED.

. The record is unclear as to the exact date that Dr. Callender made the second referral. We need not belabor this because the facts reveal that the second referral was made and Louisiana Pacific refused the authorization prior to Dr. Nassetta’s examination of Benan-di.

. The workers’ compensation judge found Louisiana Pacific’s actions to be "arbitrary and capricious." The proper standard under La.R.S. 23:1201 is whether the claim was *549 "reasonably controverted” by the employer.